ALMAND & GEORGE *v.* EQUITABLE MORTGAGE CO.

1. One who bases a claim to land upon the proposition that he purchased it at an administrator's sale is not injured by evidence tending to show that the latter's intestate was, at the time of his death, the owner of the land.

2. A deed purporting to be that of a business corporation, and to have been executed in the corporate name by the president of the corporation, is, if the corporate seal be attached thereto, prima facie valid. Where such a deed was offered in evidence and admitted over objections that it did not appear that the party signing it as president of the corporation was in fact such president, or that he had authority to execute the paper, it does not affirmatively appear that any error was committed in admitting the paper, when the record is silent as to whether it had or had not the seal of the corporation attached to it.

3. Agency can not be proved by the declarations of the alleged agent.

4. It does not appear that any error prejudicial to the plaintiffs in error was committed in admitting in evidence the record of a case to which they were not parties ; and the action of the court in directing the verdict in favor of the plaintiff in execution was not, for any reason assigned, erroneous.

Argued June 6, — Decided July 20, 1901.

Levy and claim. Before Judge Candler. DeKalb superior court. August 20, 1900.

*W. W. Braswell,* for plaintiffs in error.

*Candler & Thomson* and *Payne & Tye,* contra.

FISH, J.    An execution in favor of the Equitable Mortgage Company and against W. W. Braswell, as administrator of R. M. Brown deceased, and directed generally against the goods and chattels, lands and tenements, belonging to the estate of the deceased in the hands of the administrator to be administered, and specially against certain described land, was levied on such land, which was claimed by Almand & George.    Upon the trial of the issue the court directed a verdict finding the property subject; whereupon claimants excepted.

1. Plaintiff in fi. fa. tendered in evidence a deed from William Belisle, as administrator de bonis non, with the will annexed, of John McCullough deceased, to Robert M. Brown, dated January 5, 1864, recorded April 2, 1866, and purporting to convey the land levied upon.    "Said deed contained all of the usual recitals, among which was that it was made in pursuance of an order granted by the court of ordinary of DeKalb county.    To the admissibility of this deed claimants objected upon the ground that no authority was shown for the person claiming to be such administrator to sell such land or execute such deed."    The deed was admitted in evidence over the objection, and claimants assigned error upon the ruling.    The deed was inadmissible without proof that the grantor, as administrator, had power to sell.    *Yahoola River Mining Co.* v. *Irby,* 40 *Ga.* 479.    The record, however, shows that the claimants

based their title to the land in question solely upon a sale thereof to them made by Braswell, as the administrator of R. M. Brown, the defendant in fi. fa. We can not see, therefore, how the claimants were injured by evidence tending to show that R. M. Brown was the owner of the land at the time of his death.

2. The court admitted in evidence, over the objection of the claimants, a deed from the Equitable Mortgage Company to W. W. Braswell, as administrator of R. M. Brown deceased, dated January 13, 1898, and recorded February 2, 1899, conveying the land in question to Braswell as such administrator, in order that it might be levied on and sold as the property of the estate of his intestate, who had made a security deed to the mortgage company. This deed from the mortgage company to Braswell, administrator, was signed, "Equitable Mortgage Company, by Charles N. Fowler, president, Charles N. Fowler and James M. Gifford, receivers." "To the admissibility of this deed claimants objected upon the following grounds: First, it does not appear that the party signing this paper as president was in fact president of the Equitable Mortgage Company, nor does it appear that, if he was president, he had authority by himself to execute said paper. Second, because it does not appear that there is or ever has been a receiver for the Equitable Mortgage Company, except the mere declaration of the parties executing this paper; nor does it appear that if there was such a receiver, he had authority to execute this paper." These objections were overruled by the court. There was no error in this ruling. The deed purported to be that of the Equitable Mortgage Company, a business corporation, and to have been executed in the corporate name by its president. The record is silent as to whether the deed had or had not the seal of the corporation attached to it. If the corporate seal was attached, the presumption is that the person executing the deed as president had authority so to do in behalf of the corporation. *Dodge* v. *American Freehold Co.*, 109 *Ga.* 394. There being nothing in the record to indicate that the seal was not attached, it follows that it does not affirmatively appear that any error was committed in admitting the instrument. If admissible because executed in the corporate name by the president of the corporation with its seal attached, then the fact that it was signed by Fowler and Gifford, receivers, would not render it inadmissible, when there is nothing to show that there ever has been a

receiver for the corporation, "except the mere declaration of the parties executing this paper."

3. The bill of exceptions recites that "Counsel for claimants then offered to interrogate the witness [Braswell] as to certain transactions and communications between witness and Alonzo Richardson, stating that he wished to show that said Richardson had possession of all the papers of the Equitable Mortgage Company in Georgia, that several conferences had occurred between the witness and Richardson, in which said Richardson had urged witness to sell the land described above, threatening that if witness did not sell the same, he, Richardson, would sell it under the power of sale in the loan deed of Brown to the Equitable Mortgage Company; and that, mainly through the solicitations of said Richardson, he administered on said estate." Counsel for plaintiff in error objected in the following language: "That we object to any statement about what Alonzo Richardson said. That could have nothing to do with the validity of this sale." The court sustained the objection. The only attempt to assign error upon this ruling is as follows: "The court erred in refusing to allow W. W. Braswell, witness for the claimants, to testify as set out in this bill of exceptions, the error in this ruling being that the evidence was sufficient to go to the jury upon the question whether or not Alonzo Richardson was the agent of the Equitable Mortgage Company." Even if this be a good assignment of error, it was not erroneous to reject declarations of Richardson, offered for the purpose of proving that he was the agent of the Equitable Mortgage Company, as it is well settled that agency can not be proved by the declarations of the alleged agent.

4. The record discloses that the question upon which the case turned was whether or not there was usury in the deed executed by R. M. Brown, the intestate of the defendant in fi. fa., to the Equitable Mortgage Company, on December 29, 1888, as security for a loan made by the mortgage company to the grantor. The bill of exceptions complains that "the court erred in directing a verdict finding the property subject, the error in this ruling being that the evidence did not demand such a verdict, but was sufficient to justify the finding that the deed of Brown to the Equitable Mortgage Company was usurious." We have carefully considered all the evidence submitted by the claimants, and it clearly appears therefrom that the total amount, including principal, interest, and

commissions, which Brown agreed to pay the Equitable Mortgage Company did not exceed the sum which would result from adding to the principal actually received by Brown interest at eight per cent. per annum for the period of the loan. The evidence on the question of usury in this case is very similar to that in *Green* v. *Equitable Mortgage Co.*, 107 *Ga.* 536, where it was held that the contract was not usurious.

Claimants objected to the admission in evidence of the record in the case of Braswell, administrator of Brown, *v.* Equitable Mortgage Company et al., upon the ground that the claimants were not parties thereto and not bound thereby. The objection was overruled and the record admitted. This was error, but, as the only object in introducing such record in evidence was to show that there was no usury in the deed from Brown to the Equitable Mortgage Company, claimants were not injured by such error, as all the other evidence in the case, including that for the claimants, wholly failed to show that there was usury in such instrument. We conclude that the action of the court in directing a verdict for the plaintiff in execution was not, for any reason assigned, erroneous.

*Judgment affirmed. All the Justices concurring.*