### 6718. EBERHARDT MACHINE WORKS *v.* HOUSER.

WADE, J. The trial judge did not err in awarding a nonsuit. The evidence did not disclose that the husband of the defendant was authorized to make in her behalf the contract sued upon, but, to the contrary, tended to show that the alleged agent was acting in his individual capacity; nor does it appear that there was such a subsequent ratification as would bind the defendant. Under the express limitations fixed by the writings relied upon by the plaintiff as showing authority on the part of the alleged agent to bind the defendant, the subject-matter of the contract which forms the basis of the suit was clearly not included, even construing the writings liberally.   *Judgment affirmed.*

     DECIDED MAY 1, 1916.

Complaint; from city court of Houston county—Judge Riley. May 18, 1915.

Mrs. Houser was sued by a partnership, doing business under the name of Eberhardt Machine Works, for the amount of a balance alleged to be due on an account for work done and material furnished in repairing a ginnery. From the evidence at the trial it appeared that she was the proprietor of what was known as The Planters Warehouse, and conducted a cotton-warehouse business through her husband, O. M. Houser, "manager." A member of the plaintiff firm testified: "The way I came to do this work and furnish this material was this: Mr. Houser stated to me one day that he was figuring on getting the Cheek ginnery as a feeder

to his warehouse business, as he thought that if he could get this ginnery and operate it, it would increase his receipts of cotton. . . Several days later we examined the ginnery and machinery, and he asked me if I could fix it up, and I told him that I could, and he notified me to go ahead and do the work and repair the outfit. This I did, and that is what the defendant owes me this money for. I knew Mr. Houser was running the warehouse business for Mrs. Houser, his wife, the defendant, and he told me that he wanted this gin as a feeder to his warehouse business. I would not credit Mr. Houser. I did not credit him. I credited Mrs. Houser, and extended the credit on the strength of her responsibility alone. The account was charged on our books to 'O. M. Houser, manager,' and the bills were presented to him, and he gave us checks . . signed by 'O. M. Houser, manager,' to apply on the account. Mr. Houser never told me that he was buying this ginning outfit as agent or manager for his wife, and he did not tell me to charge the items in this account sued on to him as manager or agent for his wife. I never had any conversation with Mrs. Houser in regard to the matter. She never authorized me to charge the account to her. . . I did not know that Mr. Houser was acting as agent for his wife or doing business as manager for his wife except by general rumors around town." No other witness testified. The plaintiffs introduced in evidence a power of attorney from the defendant, reciting that she was proprietor of The Planters Warehouse, and that the business of the warehouse was conducted by her through O. M. Houser, "manager," and constituting him her agent in the "business of conducting cotton warehouse and selling guano," and authorizing him to bind her "by any contract or writing or otherwise which he [might] see fit to make in the conduct of said business." The plaintiffs introduced also a subsequent power of attorney from the defendant, authorizing O. M. Houser to contract in her name with English, Johnston & Co. as to the delivery of cotton and as to other matters, to sign checks, to transfer to English, Johnston & Co. any money to her credit with them or with any other person, and to compromise and settle any obligation of hers with them or with any other person, and to do in her name all acts necessary to be done in the premises. These writings antedated the account sued

on.   At the conclusion of the evidence introduced by the plaintiff, the court, on motion of the defendant, granted a nonsuit.

*C. L. Shepard,* for plaintiffs.

*Duncan & Nunn,* for defendant.