LUDEN *v.* ENTERPRISE LUMBER COMPANY *et al.*

1. A promissory note without consideration, executed in the name of a corporation by one of its officers, and payable to such officer individually, is void as against the corporation.

(*a*) A holder of such note takes it with notice.

(*b*) While a promissory note without consideration executed in the name of a corporation by one of its officers, and payable individually to such officer, is void as against the corporation, in contemplation of law such act is the individual undertaking of the officer, and as such he is bound.

2. Stay of an execution, to relieve a surety, must be for a valuable consideration, and for a definite period of time. The stay of execution relied on in this case recites no consideration, and is for no definite period of time; and there can be no release of the surety.
DECEMBER 14, 1916.

Complaint. Before Judge Pendleton. Fulton superior court. December 15, 1915.

W. H. Luden brought suit against the Enterprise Lumber Company as principal, and A. B. Steele as indorser, alleging that the defendants were indebted to him in the sum of $2500 on a promissory note for that amount, which note recited that it was payable to A. B. Steele, and was signed, "Enterprise Lumber Company, by A. B. Steele, Pres.;" and that "petitioner is the holder and owner

for value received before maturity, and without notice." Before verdict the plaintiff struck the words, "for value received before maturity, and without notice." The defendants denied indebtedness, and for further answer alleged, that the note was given without consideration; that it was executed and indorsed as a matter of accommodation, without consideration either to the lumber company or to Steele; that the plaintiff took the note after maturity; that the note was executed and delivered by the defendants to George M. Britton, without consideration to either of the defendants, but solely for the purpose of accommodation and to allow Britton to use the note as a guaranty or security for his indebtedness; that Luden was not a bona fide holder for value; and that Luden, knowing that Britton was only a surety and had pledged the note as surety only for the original indebtedness to him of the G. M. Britton Company, and after having obtained a judgment against the G. M. Britton Company and caused execution to issue thereon, deliberately stayed said execution for the purpose of indulging the Britton Company, and by reason of said stay of execution the defendants were released from their obligations.

The evidence showed that the note was signed, "Enterprise Lumber Company, by A. B. Steele, Pres.," and was payable to A. B. Steele. Steele indorsed the note in blank and mailed it to Britton, having knowledge that G. M. Britton was president of the Britton Company, and would use the note for the benefit of the Britton Company. The Britton Company owed Luden, and G. M. Britton indorsed the note and transferred it to Luden as security for a past indebtedness. The Britton Company failed, and the note remained unpaid. There was evidence to show that Luden received the note before maturity. Steele testified, among other things, as follows: "Mr. Britton was a personal friend of mine for many years, and had done me many kindnesses; when he needed money he would send some notes to me, and I would send him our notes in exchange."

The court directed a verdict for the defendants. The plaintiff's motion for a new trial was overruled, and he excepted.

*Anderson, Slate & D'Orr,* for plaintiff.

*Candler, Thomson & Hirsch,* for defendants.

GILBERT, J. (After stating the foregoing facts.)

1. One of the reasons assigned by the defendants why the note

was not enforceable against them was that it was wholly without consideration. The plaintiff, on the other hand, insisted that the note was not without consideration, because the defendants had received in return therefor a similar note from the G. M. Britton Company. The Civil Code (1910), § 4291, declares: "Any circumstance which would place a prudent man upon his guard, in purchasing negotiable paper, shall be sufficient to constitute notice to a purchaser of such paper before it is due." *Fidelity Trust Co. v. Mays,* 142 *Ga.* 821, 828 (83 S. E. 961). The note sued upon was executed by the president of the corporation, and on its face was made payable to this president individually. It remains, therefore, to be seen whether Luden was an innocent holder, in view of the code section just quoted.

In *Capital City Brick Co.* v. *Jackson,* 2 *Ga. App.* 771 (59 S. E. 92), the principle is convincingly and clearly stated: "A negotiable promissory note made in the name of the corporation by its president, in which he is named as payee, is prima facie void as to such corporation. The burden is upon the holder of such note to show that it is in fact the contract of the corporation." It would serve no useful purpose to repeat all of the argument and the citation of authorities in the case just referred to. It will be seen by a careful examination that whenever a promissory note is signed by an officer of a corporation, and is made payable to himself individually, and is by this same officer negotiated, the holder is held to have notice. The opinion in the cited case declares: "As far as we have been able to find, there has been no contrary opinion in a case involving a similar state of facts; but both courts and standard text-writers are in accord on the subject. . . The law must be as herein contended; else corporations would be at the mercy of dishonest officials, and positions of corporate trust would be prostituted to private gain, and corporate property be exhausted in payment of personal debts. A bona fide holder of a promissory note executed by an officer in the name of the corporation, and payable to the officer executing it, as an individual, in legal contemplation can not exist. The person and the subject are in positive contradiction." And in *Exchange Bank* v. *Thrower,* 118 *Ga.* 433 (45 S. E. 316), it is declared: "Authority to borrow money is among the most dangerous powers which a principal can confer upon an agent. Whoever lends to one claiming the right to make

or indorse negotiable paper in the name of another does so in the face of all the danger signals of business. He need not lend or discount until assured beyond doubt that the principal has in fact appointed an agent who by the stroke of a pen may wipe out his present fortune and bind his future earnings. The very nature of the act is a warning; and if the lender parts with his money, he does so at his own peril."

The plaintiff received the note sued upon, with the danger signal of its face. There is nothing in the evidence to show that the Enterprise Lumber Company ever received any consideration whatever. One who receives such a note with its danger signal on its face, warning him of the burden he must carry before enforcing payment, is in no position to invoke the principle of estoppel against the corporation, where it does not appear that the corporation received any consideration therefor.

The exchange by Steele and Britton of notes of their respective companies was purely a personal and individual act; the note of each corporation being signed by its president, and made payable to its president individually. Irrespective of the use actually made of the notes, the fact remains that the danger signal was obvious to all who paid due regard to ordinary business precautions. The rule of law expressed above is essential to corporate integrity, to protect it against just such use of its credit. Cook on Corp. (7th ed.) § 774; Kenyon Realty Co. v. National Deposit Bank, 140 Ky. 133 (130 S. W. 965, 31 L. R. A. 169).

None of the reasons above stated apply in behalf of Steele. The note is void as to the corporation, but not as to Steele. As an individual, for motives of personal favor Steele had the right to lend his credit to Britton; and the indorsement and delivery of the note payable to him will bind him to the extent only of the amount due by the Britton Company to Luden. Angell & Ames on Corporations, § 303; Daniel on Negotiable Inst. § 306, and note; *Aven* v. *Beckom,* 11 *Ga.* 1, 6; *Rawlings* v. *Robson,* 70 *Ga.* 595 (1); *Candler* v. *DeGive,* 133 *Ga.* 486 (66 S. E. 244); *Frankland* v. *Johnson,* 147 Ill. 520 (35 N. E. 480, 37 Am. St. R. 234).

2. Stay of the execution, to relieve a surety, must be for a valuable consideration, and for a definite period of time. 8 C. J. 930; *Bunn* v. *Commercial Bank,* 98 *Ga.* 647 (26 S. E. 63); *Woolfolk* v. *Plant,* 46 *Ga.* 422; *Ver Nooy* v. *Pitner,* 17 *Ga. App.* 229 (3),

235 (86 S. E. 456). The stay in this case recites no consideration and no definite period of time; a levy may legally be effected at any time; hence there can be no release of the surety.

*Judgment affirmed as to the Enterprise Lumber Company, and reversed as to Steele. All the Justices concur.*