## BOONE *v.* JENKINS.

Where a deed purporting to have been made by a corporation contained the recital, "Witness its hand and seal," and was signed with the corporate name followed by the name of one who signed as secretary and treasurer, and following the name of the corporation as so signed was the word "[Seal]," the instrument bore prima facie evidence of authority on the part of the secretary and treasurer to execute it.

No. 563. APRIL 12, 1918.

Complaint for land. Before Judge Mathews. Bibb superior court. August 6, 1917.

*Hunter & Wimberly,* for plaintiff in error.

*R. S. Wimberly,* contra.

ATKINSON, J. This was an action of complaint for land. The parties claimed under a common grantor, which was a private corporation. The plaintiff's deed was older, but was not recorded until more than a year after its execution, nor until after the execution of the deed to the defendant. The defendant's deed was rejected from evidence, on the ground that it did not appear to have a corporate seal, and that there was no evidence that the person who signed it was authorized so to do. After introduction of testimony tending to show that the defendant was a purchaser for value and without notice of the senior deed, the judge directed a verdict for the plaintiff. If the defendant's deed was void, it would afford the defendant no basis of title, and the direction of the verdict would be proper; but if valid, it would be entitled to consideration, in connection with the other evidence tending to show that the defendant was a bona fide purchaser without notice. The controlling question, therefore, is as to the validity of the defendant's deed. It was signed, "Minton-Morgan Co. Inc., per

R. C. Morgan, Sect'y & Treas.," with the word "Seal" in brackets after the signature. The instrument contained the recital, "Witness its hand and seal." The purchase-money was duly paid to Morgan, secretary and treasurer, and there was no evidence that the corporation did not receive the money. On the contrary there was an amendment to the petition, which in effect admitted receipt of the money, but set up that the sale of the lots in question to the defendant was by mistake, and alleged an agreement between the parties to substitute other lots in the place of them. There was no evidence to support such allegations. In *Cannon* v. *Gorham,* 136 *Ga.* 167 (71 S. E. 142, Ann. Cas. 1912C, 39), all the Justices concurring, it was held: "Where a deed, purporting to have been made by a corporation, recited that its corporate name was signed by the president and the corporate seal attached by the secretary, and the name of the corporation was signed by the president and followed by '(L. S.),' this was prima facie evidence of authority on the part of the president to execute such deed." The deed there under consideration was signed, "The Savannah, Americus & Montgomery Railway (L. S.) by S. H. Hawkins, President (L. S.)." There was no other evidence to show authority of the president to sign the deed; and the question was as to the validity of the paper as the deed of the corporation. In the course of the opinion it was said: "If a deed is executed in the name of a corporation by its proper officer, with the corporate seal attached, a presumption of authority on his part to execute it arises, and this is a sufficient prima facie showing to admit the deed in evidence. *Solomon's Lodge* v. *Montmollin,* 58 *Ga.* 547; *Carr* v. *Georgia Loan & Trust Co.,* 108 *Ga.* 757 (33 S. E. 190); *Dodge* v. *American Freehold etc. Co.,* 109 *Ga.* 394 (34 S. E. 672); *Almand & George* v. *Equitable Mortgage Co.,* 113 *Ga.* 983 (39 S. E. 421). Section 5 of the Code of 1910 declares: "Seal shall include impressions on the paper itself, as well as impressions on wax or wafers. With the exception of official seals, a scrawl, or any other mark intended as a seal, shall be held as such." No distinction is made in this statute between the seal of a corporation and that of an individual. The letters L. S. are an abbreviation of locus sigilli, the place of the seal; and it has been said that they are 'usually inserted within brackets in copies of documents to indicate the position of the seal in the original.' Century Dictionary. A clerk, in recording a deed

of a corporation on which a seal is impressed, probably would not often attempt to make an exact reproduction of the seal, with all the insignia, marks, or emblems which might be upon it. It would hardly be held that his inability to do so would destroy the right to introduce certified copies of such deeds. But treating the copy as in this respect identical with the original, it is a matter of common knowledge that these letters, with the enclosing parentheses or brackets, are often used, in this State, at least by individuals, as a seal, without more. Numerous instances of such use appear in the reports of this court. The deed reciting that the seal was attached, these letters with the enclosing parentheses, following the signature, were apparently intended as a seal. In *Johnston* v. *Crawley,* 25 *Ga.* 316 (71 Am. D. 173), it was held that if an agent of a corporation has authority to execute a mortgage, and affixes thereto anything which the law recognizes as a seal when affixed by a natural person, it will be a good execution presumptively by the corporation. The seal there held to be sufficient was the same as that now under consideration. In the opinion it was said: 'If they adopt a seal different from their corporate seal for a special occasion, or if they have no corporate seal, the seal adopted is the corporate seal for the time and the occasion. If a corporate body chooses to adopt a scroll as their common seal, why may it not do it? It can not, at the common law, because a scroll can not, by that law, be a seal. But a scroll is made a seal by statute in this State, and there is no reason why it may not be adopted by a corporation here, either as a common seal, or as a seal for a special purpose.' See also *Jones* v. *Ezell,* 134 *Ga.* 553 (3) (68 S. E. 303); *Nelson* v. *Spence,* 129 *Ga.* 35 (58 S. E. 697); *New York Life Ins. Co.* v. *Rhodes,* 4 *Ga. App.* 25 (60 S. E. 828); *American Investment Company* v. *Cable Company,* Id. 106 (60 S. E. 1037); Powell on Actions for Land, § 221."

All that is said above is peculiarly applicable to the case under consideration. The recital in the paper that the corporation had caused its corporate name to be signed by its president and its corporate seal to be attached by its secretary was all that there was to show authority upon those officers to execute the deed. The paper under consideration recited that it was executed by the corporation under "its hand and seal," thereby showing that it was intended that the word "Seal," included in the brackets following

the name of the corporation as signed by the secretary and treasurer, should operate as the seal of the corporation. The paper being thus executed by the secretary and treasurer under the seal of the corporation, authority from the corporation to the secretary and treasurer to execute the paper will be presumed. When the case was before this court on a former occasion, it was held that the paper was improperly admitted. *Jenkins* v. *Boone,* 144 *Ga.* 44 (85 S. E. 1042). That ruling was based upon a different record from the one now before us. In the former record the ground of the motion for new trial did not set out a copy of the deed, but referred to an abstract thereof which recited that it was "signed, Minton-Morgan Company Inc., per R. C. Morgan, Secretary & Treasurer (L. S.) without the corporate seal;" and the brief of evidence did not set out a copy, but merely an abstract which showed that the paper was "signed, 'Minton-Morgan Company Inc., per R. C. Morgan, Secretary & Treasurer,' without the corporate seal." Under such facts the decision was made upon the basis that there was no corporate seal. It was not intended to hold that, if there had been a corporate seal, corporate authority to the secretary and treasurer to make the deed would not be presumed. Under the circumstances as made to appear in the more complete statement of the contents of the deed hereinbefore indicated, it was erroneous to exclude the deed. The record of file in this court in the case of *Bale* v. *Todd,* 123 *Ga.* 99 (50 S. E. 990), shows a deed to have been executed by officers of a corporation in a manner quite similar to the deed now under consideration and to the deed involved in *Cannon* v. *Gorham,* supra. In the published report of the *Bale* case, the substance of the deed is not sufficiently set forth to show the exact manner of its execution; and in the opinion it was held to be inadmissible on the ground that it did not appear that the officers had corporate authority to execute the paper, there being no corporate seal. There was no specific ruling that the mark " (L. S.) " would not amount to a corporate seal; but, in dealing with the objections urged to the admissibility of the paper, the court seems to have assumed that no corporate seal was attached, and proceeded to discuss the case on that basis. That case seems to have been overlooked in *Cannon* v. *Gorham,* supra, in which the exact question was decided. If the exact question had been decided in *Bale* v. *Todd,* supra, con-

trary to the later decision, and it had been by the entire bench of six Justices, it would have been controlling; but the reverse is true. It was a decision by five Justices, while the later decision was by all of the Justices.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*