15322.  HENDERSON LUMBER COMPANY *v.* CHATHAM BANK & TRUST COMPANY.

Although the notes sued on by the bank as transferee were payable to the person individually who as president of the defendant corporation signed them in the corporate name, they were also signed in the name of the corporation by its secretary, who so far as appears was a disinterested officer and presumably was acting within his authority, the corporate seal being attached. Since there is nothing presumably to discredit the execution of the notes by the secretary, the transferee bank taking them in due course is protected, in the absence of proved notice to it of their invalidity because of having been given for the benefit of the president personally.

DECIDED DECEMBER 15, 1924.

Complaint; from Irwin superior court—Judge Eve.  November 14, 1923.

The bank sued the Henderson Lumber Company (a corporation) and J. A. J. Henderson on promissory notes made payable to J. A. J. Henderson and indorsed by him to the bank, containing the recital, "Given under my seal," and signed: "Henderson Lumber Company, by J. A. J. Henderson, President." "Henderson Lumber Company, by Reason Henderson, Secretary." The signatures were followed by "(L. S.)," and in the record it is stated that "the seal of the corporation" was attached. In its answer the lumber company, after denying liability, says, it is true that it executed the notes sued on, acting through J. A. J. Henderson, its

president, and Reason Henderson, its secretary, but that at the time of the execution of the notes the company was not indebted to J. A. J. Henderson in any sum; that the plaintiff knew this, but caused the notes to be executed and to be indorsed and delivered to it in adjustment of indebtedness of J. A. J. Henderson to the plaintiff; that neither J. A. J. Henderson nor Reason Henderson was authorized to execute the notes under the circumstances, and for this reason the notes were not the act of the company and not binding upon it; that the execution of the notes was ultra vires; that the company has no authority under its charter to become surety or guarantor for the debts of its president or of any other person.

On the trial the court, at the conclusion of the evidence, directed a verdict against the defendants. The Henderson Lumber Company made a motion for a new trial, which was overruled, and the movant excepted.

*H. E. Oxford, Quincey & Rice,* for plaintiff in error.

*Lawton & Cunningham, Rogers & Rogers,* contra.

JENKINS, P. J. 1. The board of directors is the governing body of a corporation, and as such is vested with the management of its ordinary corporate affairs, such as the corporation itself is authorized to perform under the rights and powers delegated by its charter. The officers appointed by the directors are clothed with only such powers and authority as are expressly conferred upon them by the charter or the by-laws, or as may be implied by usage and acquiescence. *Garmany* v. *Lawton,* 124 *Ga.* 876 (53 S. E. 669), 14 A. C. J. 81, § 1842. Where the common seal of a corporation is affixed to a contract introduced in evidence, and the signatures of the proper officers thereto are proved, the presumption is that the officers did not exceed their authority. The seal itself is prima facie evidence that it was affixed by proper authority. *Solomon's Lodge* v. *Montmollin,* 58 *Ga.* 547; *Carr* v. *Ga. Loan Co.,* 108 *Ga.* 757 (33 S. E. 190); *Dodge* v. *American Freehold Land Mortgage Co.,* 109 *Ga.* 394 (34 S. E. 672); 14 A. C. J. 396, § 2250. There is a recognized distinction, however, between a lack of authority on the part of the particular officers assuming to do a legal act for a corporation, and a lack of authority on the part of the corporation itself to do the act at all; in the former case the act of the officers is unauthorized, in the latter the act of the corporation itself is ultra vires. *Ga. Granite Co.* v. *Miller,* 144 *Ga.* 665

(1). In neither case is the corporation bound. 3 Michie's Digest, 661 (2). The gratuitous signing away of the corporation's credit by giving its note for the benefit of another belongs to the latter class. The rule that "a promissory note without consideration, executed in the name of a corporation by one of its officers, and payable to such officer individually, is void as against the corporation," even as against a bona fide holder for value (*Luden* v. *Enterprise Lumber Co.,* 146 *Ga.* 284 (1), 91 S. E. 102, L. R. A. 1917C, 485; *Capital City Brick Co.* v. *Jackson,* 2 *Ga. App.* 771, 59 S. E. 92), is not based upon the theory that such an officer may not be in fact authorized to bind the corporation by the execution of its note given for a proper purpose, but rests upon the theory that none of its officers is or can be empowered to gratuitously pledge the assets of the corporation, and that one taking such a note is bound to take cognizance that the agent of the corporation, in thus seeking to bind the corporation, might have been acting not in its interest and for its benefit, but for the benefit of himself. The fact that the president of the corporation in executing such a note to himself attaches thereto the corporate seal, while indicating a general official authority to act for the company in the execution of such an instrument, does not remove the suspicion that in thus dealing with himself he might have been exceeding the powers of the corporation itself by seeking to use its credit for the personal benefit of another.

2. But where the note is executed by the signature of a disinterested officer of the corporation, such as presumptively appears to have been authorized to bind it, the mere fact that it also bears the signature of the official who is the payee would not operate to destroy the presumption in favor of the regularity of the transaction. *Frazier* v. *Swain,* 147 *Ga.* 654 (1) (95 S. E. 211). The seal affixed to the instrument is to be taken not as that of the individuals, but as that of the corporation itself (*Acme Brewing Co.* v. *Cen. R. Co.,* 115 *Ga.* 494, 499 (2), 42 S. E. 8); and, being attached, any officer signing the instrument to whom the presence of the seal could impute authority is presumed to have been acting within the scope of his official authority. Since there is nothing to presumably discredit the execution of the note by the secretary, the transferee bank taking the negotiable instrument in due course is protected, in the absence of any proved notice had by it of the note's in-

validity, and the trial judge did not err in directing a verdict in the transferee's favor. This is true without reference to the other contentions also relied upon.

    *Judgment affirmed. Stephens and Bell, JJ., concur.*