COLAPARCHEE CLUB INC. *v.* MACON NATIONAL BANK
*et al.*

1. No error requiring a reversal of the judgment in this case is shown in the record.
2. Under the pleadings and the evidence, no abuse of discretion in the appointment of a receiver is shown.

No. 6221: SEPTEMBER 20, 1928.

Receivership.    Before Judge Mathews.    Bibb superior court. July 2, 1927.

The Macon National Bank brought its petition against the Colaparchee Club Inc. and the Builders Lumber Company, praying for the appointment of a receiver of the Colaparchee Club Inc., to take charge of certain land belonging to the club, to which the Macon National Bank held a deed made by said club to secure a debt, alleging that said land was inadequate to secure and pay the indebtedness due by the club to the Macon National Bank; that the Colaparchee Club Inc. was insolvent and unable to pay any deficiency that might be left of said indebtedness after the application of the proceeds of the sale of the land to the indebtedness; that the bank had obtained judgment against the club at a previous term of the city court of Macon, and was proceeding under said judgment to have the land levied upon and advertised for sale to pay the judgment, when the sale was stopped by an affidavit of illegality filed by said Colaparchee Club; that the illegality case could not be heard until a subsequent term of the court; that in the meantime the land would remain in the possession and control of the said club, which would continue to enjoy the rents, issues, and profits thereof, though insolvent, at the expense of the plaintiff and its other creditors; that the land was a portion of a larger tract of land that had been used and operated, up to a short time before the filing of the petition, as a pleasure resort, which was profitable only during the summer months; that unless a receiver was appointed to take charge of said land at once, it would be impossible to rent or sell the same until the spring or summer of the following year; that the plaintiff was advised that the land could be sold for its full value to L. E. Oxley, the former owner of the entire tract of land known as the Colaparchee Club grounds (who had recently purchased, at a foreclosure sale, under a prior incumbrance, all of the remainder of said Colaparchee Club property), provided it could be sold at

once, but that Oxley would not be interested in the purchase of the land unless he could acquire it promptly and before the present season was too far advanced for him to use it profitably, in connection with the remainder of the club property, in the operation of the same as a summer resort; that the Builders Lumber Company claimed a lien against said land for material furnished in making improvements upon the same, which it claimed was superior in dignity to the security deed in favor of the Macon National Bank, and which had been reduced to judgment, and the Lumber Company was threatening to levy upon the land and sell the same to satisfy said judgment. The petition prayed that the Builders Lumber Company be enjoined from selling the land, and be required to set up its claim and have the status and priority of the same passed upon and determined by the court in this proceeding.

The Colaparchee Club Inc. demurred generally upon the grounds, among others, that there is no equity in the petition, that the plaintiff has a full and adequate remedy at law, and that the power of appointing receivers should be cautiously exercised; and specially to the allegation of insolvency of the club, because it is not alleged that the club is less solvent than it was at the time the plaintiff's alleged debt was created. In its answer the defendant, Colaparchee Club Inc., admitted certain of the paragraphs and denied others.

The trial judge, at the conclusion of the evidence and arguments of counsel, announced his conclusion in an opinion which covers the material and controlling questions raised in the pleadings and by the evidence, and which is as follows:

"After careful consideration of the pleadings, evidence and argument of counsel, I have come to the following conclusion in this case: I think it is clear that the Macon National Bank is not shown to have title to the ten acres of land in controversy, but it has a lien that the court must respect and treat as valid, this lien being a judgment out of the city court of Macon, which is not directly attacked. The pendency of an illegality to the levy upon the two grounds which appear to have been the ground upon which the illegality was founded, to wit, (1) outstanding title in the Bibb National Bank; (2) want of legal service of the suit on which judgment is founded, does not of itself authorize the court to treat the judgment lien claimed by the Macon National Bank as void. In the absence of a special judgment against the land, the question

remains as to the equitable rights of the holder of a judgment founded on a note secured by a deed to land, where neither the note nor the title to the land has been transferred in writing to the holder of the judgment and where the note sued to judgment is a negotiable note made payable to the order of the original payee, the Macon Bibb Bank.  The legal contention of the plaintiff is, that, as it had possession of the note and sued it to judgment, the judgment is at least prima facie valid, notwithstanding the pendency of the illegality to the levy which has arrested the levy, and that thus it shows that equitably it has such a lien on and equitable title to the land as authorizes it to appeal to the court for the appointment of a receiver.

"As to whether the persons who executed the deed in the name of the Colaparchee Club Inc. were the officers which they purported to be, or were duly authorized to borrow the money and execute the deed, there is no evidence other than the allegations of the answer of the defendant filed in this case.  There is, however, no allegation in this answer that the notes secured by the deed were without consideration, or that the payee of the notes secured thereby did not extend the credit implied in the notes, nor that the purported president and secretary of the club were not in fact such officers.  A corporation can only act through its officers and are responsible for the acts of its officers within the sphere of their appropriate duties.  Code, § 2225.  It is not alleged that the purported officers had not been held out as having authority to borrow money for the legitimate uses of the corporation, or that the money borrowed from the Bibb National Bank was not ostensibly for the benefit of the Colaparchee Club Incorporated.  Under the undisputed testimony of T. R. Turner, the money was loaned by the Bibb National Bank as indicated by the notes of the Colaparchee Club in evidence, and checked out by the club; and this seems to estop the club from denying the authority of the persons executing the notes as officers of such club.  It is not denied that the money was drawn out of the bank by checks on the bank, issued in the name of the corporation and purported to be signed by the club per its president, Mrs. Idla Polhill, who signed the notes and the deed securing the same when the loan was made.  But at all events the judgment must be taken to be a valid lien until the same is set

aside in a direct proceeding for that purpose, and can not be collaterally attacked in this procedure. 152 *Ga.* 80, and cases cited.

"This is not a case where the debt on which the suit is founded was for the purchase-money of land, and does not involve the question of the possible insolvency of the defendant at the time of the creation of the debt, as was in the cases cited by the defendant, to wit: *Tumlin* v. *Vanhorn,* 77 *Ga.* 315 [3 S. E. 264], and *Jordan* v. *Beal,* 51 *Ga.* 602. These holdings were strictly confined by the terms used by the court to cases of sale of land, the restrictions being succinctly set forth as follows: The purchaser is not entitled to a receiver to take charge of the premises on the sole ground of insolvency, it not appearing that the vendee became insolvent after making the contract of purchase. If this were the rule, every vendor who makes an imprudent sale would seek this remedy, rather than pursue the general remedy provided by suits at law. The plaintiff alleges and the weight of evidence indicates, that the defendant is now insolvent, and that the purposes sought in the incorporation are incapable of being effected; that the only property it has is the ten acres worth much less than the debts; that, of itself, the ten acres can not be made to earn interest on the secured debts; and that, unless placed in the hands of a receiver with a view of having it rented until a favorable sale can be had, there will be continuing loss to the lien creditors as time elapses. It does not appear that the present officers of the corporation have ever had active management of any part of the corporation's business. It does not appear that the property can by any reasonable possibility be made to pay the preferred claims of the corporation and pay anything to indemnify unsecured creditors or stockholders. In other words, neither the corporation nor the stockholders nor the unsecured creditors have any interest in this case, depending on the possibility of making the property in question bring, either by operation, lease, or sale, anything above the claims of the admitted lienholders. I think, therefore, under the law and the evidence in this case, it is proper to grant the prayers of the plaintiff and appoint a receiver whose duty it shall be to take charge of the property and make investigation as to what is expedient in the matter of renting or sale of the same, and report to the court in the premises."

*Alene Hardin* and *C. L. Bartlett,* for plaintiff in error.

*Ryals, Anderson & Anderson* and *A. H. S. Wheeler,* contra.

BECK, P. J. (After stating the facts.) After considering the pleadings and the evidence in the record, we are satisfied that the judgment was authorized by the evidence, and that no reversible errors were committed pending the hearing.

The objection to the affidavit of the witness Turner, which was in part that "when said loans were made the proceeds thereof were credited to the account of the Colaparchee Club Incorporated, on the books of the Bibb National Bank," on the ground that the evidence was secondary and not the best evidence to establish the alleged transactions, was based upon recognized rules of evidence. But the error in admitting this affidavit will not work a reversal of the judgment, in view of all the evidence in the case, and especially in view of the fact that it clearly appears that the proceeds of the loan referred to were credited as the affiant deposed.

There was also a question as to the admissibility of certain deeds which were objected to upon the ground that it did not appear that the plaintiff bank had any transfer of the title to the property described in the deeds, that no corporate seal was attached to the deeds, and that it did not in any way appear that the alleged officers of the Colaparchee Club had authority to execute the same. There was no error in admitting these deeds. *Boone* v. *Jenkins,* 147 *Ga.* 812 (95 S. E. 707) ; *Johnston* v. *Crawley,* 25 *Ga.* 316 (71 Am. D. 173).

The evidence was ample to support the conclusion of the trial judge that a receiver should be appointed.

*Judgment affirmed. All the Justices concur.*