## WALTON *v.* MORTON.

No. 8040.   JUNE 9, 1931.

*Krauss & Strong* and *W. H. Terrell,* for plaintiff.
*W. C. Little,* for defendant.

ATKINSON, J.   In February, 1923, J. H. Walton and his wife instituted a suit in Fulton County against Georgia-Kentucky Realty Company (a corporation of Fulton County), and W. T. Mc-Cormick of Glynn County, for a money judgment in favor of Mrs. Walton against the corporation, and for receiver of the property of the corporation, and for injunction against McCormick and the corporation to prevent sale or encumbrance of the corporate assets. In July, 1923, a verdict was returned in favor of the plaintiffs for all the stated relief, and a decree was entered thereon.   In the decree the receiver was given "authority to take charge of and hold all the property and assets of the said company, of whatever kind and character, and wherever situated," and the company and McCormick were enjoined from "selling or conveying or in any wise encumbering or otherwise disposing of the assets, . . in any way or manner whatever."   The decree also directed advertisement and sale of the property, including the charter and franchise of the corporation.   At the receiver's sale the property and franchise were bid in by Mrs. Walton; and after report to the court and confirmation of the sale, the receiver executed to the purchaser separate deeds on August 22, 1923, conveying the property as directed by the court.   The deed to the realty was duly recorded in Glynn County, where the land was located.   The deed to the

charter and franchise was recorded in Fulton County. On the day of such conveyance Mrs. Walton executed a deed purporting to convey a portion of the land back to the corporation. Subsequently and in 1925, a fi. fa. was issued by the ordinary of Glynn County against the aforementioned corporation. This fi. fa. (which did not purport to be based upon a judgment or any prior lien) was levied upon a part of the land that had been reconveyed by Mrs. Walton to the corporation. The land so levied upon was sold and conveyed by sheriff's deed to Paul Morton, who took possession by enclosing the lot with a fence. In an action of complaint for land by Mrs. Walton against Morton, the judge directed a verdict for the defendant. The exception is to a judgment overruling the plaintiff's motion for a new trial.

1. After Mrs. Walton's above-mentioned deed to the Georgia-Kentucky Realty Company, that company on March 17, 1924, prior to the fi. fa. which formed the basis of the sheriff's sale, executed a deed purporting to reconvey the same land to Mrs. Walton, and it was duly recorded. It purported to be upon consideration of "one dollar in hand paid," and recited that it was made for the purpose of "rescinding . . and cancelling" the said deed to the corporation, because it was made "by mistake and delivered through error." It was in the form of an ordinary warranty deed. It contained the clause: "In witness whereof the said party of the first part has hereunto set its hand and affixed its seal, the day and year above written." Then follows the signature: "Georgia Kentucky Realty Co. (Seal). By W. H. Terrell, President. (Seal). J. H. Walton, Sect. & Treas. (Seal)." *Held:* (a) This deed was relevant and material for the purpose of showing title in the plaintiff prior to the defendant's alleged claim of title from a common source.

(b) It was not good ground of objection by the defendant to admission of the deed that no corporate seal of the corporation was affixed, and that there was no proof of the official character of the persons purporting to act for the corporation or of authority in them to execute a deed for the corporation. *Jenkins* v. *Boone,* 147 *Ga.* 812 (95 S. E. 707). The instrument was admissible in evidence as a recorded deed, without the aid of extrinsic evidence.

(c) It was not good ground of objection to the said deed that the permanent receiver was custodian of the property at the time

of the execution of the deed, and all the officers of the corporation were under injunction enjoining them from selling, conveying, or otherwise disposing of the same. The injunction had reference to assets of the corporation that were applicable to payment of the debts, and not to property that had been sold by the receiver under order of court and applied to payment of the debts as was the property described in the deed.

(d) It was not good ground of objection to said deed that there was no evidence that the franchise and charter of the corporation were transferred to the purchaser in accordance with the order of sale; nor that "the transfer of the franchise, charter, and all assets" of the company to the purchaser was not recorded in Glynn County prior to the execution of the sheriff's deed to defendant, and therefore was not binding upon defendant as a purchaser in good faith without notice of such transfer.

(e) The court erred in rejecting the deed from evidence.

2. The rulings announced in the preceding division dispose of the controlling questions in the case, and render it unnecessary to deal with the assignments of error upon rulings of the court relating to admissibility of parol evidence as to identity of the officers of the corporation and their authority to act, or as to admissibility of evidence relative to the sheriff's sale.

3. The judge erred in overruling the plaintiff's motion for a new trial.    *Judgment reversed.    All the Justices concur.*