31336. JACKSON *v.* LANG.

248

DECIDED SEPTEMBER 5, 1946.   REHEARING DENIED SEPTEMBER 21, 1946.

J. C. Newsom, for plaintiff.

Irwin L. Evans, W. C. McMillan, for defendant.

FELTON, J. Though counsel for the defendant during the course of the trial made a solemn admission in judicio of the fact of W. K. Lang's authority to rent the premises to the plaintiff, we think there is an absence of proof that he had authority to enter into the latter contract to buy the fixtures from the plaintiff for $126.50, which is the contract upon which this suit is brought. The plaintiff testified: "Some two or three weeks before I gave up the barn, I told W. K. Lang that I was going to take down and move the improvements I had made to the barn and give it up, that I was going to sell the scales ·and some other things to Mr. Peddy. W. K. Lang then said he had rather buy the improvements I had made to the barn than to have them moved. So we then counted up and agreed on a price for them. He agreed to pay me $126.50 for them. I agreed to take it. Relying on his promise to pay me for the improvements I had made, I gave up possession of the barn and left all the improvements I had made on the premises. . . At the time W. K. Lang and I agreed upon a price for the improvements and he agreed to pay me for them, he said he was acting as agent for his wife. I then owed her the last month's rent and expected the rent to go on what her husband had agreed to pay me for the improvements. But in a few days after I gave up the barn they took out a distress warrant for the month's rent and had my tools in the shop levied on. My father was with me and we went to see Mrs. Jewell H. Lang. We talked about it and I told her her husband had promised to pay me for the improvements and relying on his promise I gave up the barn and left them there. I then asked her to pay me what her husband had promised to pay for them or let me move them. When I went to see Mrs. Jewell H. Lang with my father I did not tell her that her husband said that he was acting as her agent when he purchased these improvements." Upon being recalled to ·the stand after argument upon the motion for nonsuit the plaintiff testified: "I did tell Mrs. Jewell H. Lang her husband said that he was acting as her agent. The reasons I had for saying that W. K. Lang was the agent of Mrs. Jewell H. Lang was that he told me that he was agent and the fact that he, representing Mrs. Lang, made the original contract of rental."

(a) Proof of Mr. Lang's authority to act as Mrs. Lang's agent in renting the premises in question is not proof of his authority to

enter into a contract a year later to purchase the improvements which the plaintiff had placed thereon during the period of his tenure as the defendant's tenant. Those dealing with a special agent are bound to ascertain his authority, and the mere fact that Mr. Lang had authority to rent the premises and collect the rents does not show authority to buy the improvements. *McMichen* v. *Brown,* 10 *Ga. App.* 506 (73 S. E. 691) ; *Napier* v. *Strong,* 19 *Ga. App.* 401 (91 S. E. 579). There was no proof that Mr. Lang was the general agent of Mrs. Lang and it makes no difference that there existed between them the relationship of husband and wife. If he professed to be her agent, the plaintiff was bound to inquire as to the extent of his authority. *Mickleberry* v. *O'Neal,* 98 *Ga.* 42 (25 S. E. 933) ; *Winer* v. *Flournoy Realty Co.,* 27 *Ga. App.* 87 (4) (107 S. E. 398) ; *Pioneer Guano Company* v. *Palmer,* 145 *Ga.* 323 (89 S. E. 218) ; *Eberhardt Machine Works* v. *Houser,* 18 *Ga. App.* 35 (88 S. E. 751) ; *Herrington* v. *Shumate Razor Co.,* 6 *Ga. App.* 861 (65 S. E. 1064).

(b) There is no merit in the plaintiff's contention that Mr. Lang's declarations at the time of the transaction that he was the agent of his wife constitute part of the res gestæ and serve as proof of his agency. "An agency cannot be established by proof of the declarations of the alleged agent, though made dum fervet opus." *Bernstein* v. *Koken Barber's Supply Co.,* 1 *Ga. App.* 445 (57 S. E. 1017) ; *Grand Rapids School Furniture Co.* v. *Morel,* 110 *Ga.* 321 (35 S. E. 312) ; *Almand* v. *Equitable Mortgage Co.,* 113 *Ga.* 983 (3) (39 S. E. 421) ; *Americus Oil Co.* v. *Gurr,* 114 *Ga.* 624 (40 S. E. 780) ; *Horton* v. *Tway,* 43 *Ga. App.* 164 (158 S. E. 365).

(c) It is the further contention of counsel for plaintiff that there was sufficient proof of the husband's agency under the theory of ratification in that the wife ratified the one and only contract involved, namely, the rental contract which contained the agreement as to the plaintiff's right to remove any improvements at the termination of his tenure as tenant, by receiving, retaining, and using all the repairs and improvements that the plaintiff had left on the premises and reaping the benefits that flowed from them in the form of rents, etc. Clearly, even if it can be said that the husband's authority to enter into an agreement whereby the tenant-plaintiff was to be allowed to place improvements on the premises

with the right to remove them was shown by the evidence, and we think it was not, proof of that authority would not support the plaintiff's action on the agreement to purchase the improvements at $126.50, and were we to go further and say that the wife by retaining the improvements ratified the original, and as counsel contends, only agreement, this action is not brought for a breach of that agreement, but for the failure of the defendant to pay the $126.50 which he alleges was the agreed price to be paid for the fixtures; nor does he sue for the reasonable value of the fixtures, but for the specific price which he says was agreed upon by the husband.

In view of what has been said in the foregoing paragraphs we think that there was no evidence establishing that Mr. Lang acted as the agent of his wife in purchasing the improvements or that she was in any way shown to have agreed to pay the sum for which the plaintiff is suing, and this being true the court did not err in granting the nonsuit.

*Judgment affirmed. Sutton, P. J., and Parker, J., concur.*