35261. JONES, Administratrix, v. LIBERTY MUTUAL FIRE INSURANCE COMPANY.

668

DECIDED SEPTEMBER 24, 1954.

*Painter & Cain, Frank M. Gleason,* for plaintiff in error.
*Shaw & Shaw, Geo. P. Shaw,* contra.

QUILLIAN, J.  Liberty Mutual Fire Insurance Company brought a trover action against L. I. Jones to recover a 1947 Pontiac automobile, alleged to be of the value of $1,967, and of the yearly value of $400.  Jones answered denying all the material allegations of the petition except that he had possession of the automobile and that he refused to deliver it to the plaintiff. Pending the trial, Jones died and his widow was appointed administratrix of his estate, and by proper order was substituted as defendant in this action.  The administratrix waived her year's exemption from suit, the plaintiff elected to take a money judgment, and on the trial the jury returned a verdict for the plaintiff for $1,250.  The defendant made a motion for new trial on the general grounds, which she amended by adding 31 special grounds.  The trial court denied that motion and the exception here is to that order.

Briefly and succinctly stated, the evidence showed that one E. H. Williamson of Overland Park, Kansas, on December 17, 1947, was in possession of and had title to the Pontiac automobile sued for.  On that date he left the automobile in a parking lot in Kansas City, Missouri, and upon returning for it found it apparently had been stolen.  Williamson testified by deposition that the automobile was not removed from the parking lot with his permission or consent.  The evidence shows that on July 6, 1948, Williamson executed a bill of sale to the automobile in question to Northern Insurance Company for a consideration of $1,967, and that subsequently Northern Insurance Company transferred title to United Mutual Fire Insurance Company by a bill of sale reciting a consideration of "$1.00 and other valuable considerations."  Subsequently United Mutual Fire Insurance Company became Liberty Mutual Fire Insurance Company by a change of its name, and on June 13, 1950, instituted this trover action against Jones.

It further appears from the evidence that a person who identified himself as E. H. Williamson and exhibited appropriate evidences of his title to the automobile in question sold it to James F. Mavity, a used-car dealer of LaFayette, Georgia, and received from Mavity valuable consideration in exchange for the automobile; that Mavity conveyed the automobile to one Williams, who in turn transferred it to one McCord, who sold it to the defendant's intestate.

Under the view we take of the evidence in this case, it demanded a verdict for the plaintiff in an amount equal to or greater than the amount rendered, and we have only to consider those grounds of the motion relating to the admission over the defendant's objection of evidence showing the chain of title from Williamson to the plaintiff. We have considered these objections to the evidence and have concluded that they are all without merit. The following discussion of the grounds which are argued and insisted upon before this court, and which relate to the admission of evidence respecting plaintiff's title will suffice to demonstrate the correctness of our ruling in this regard.

As stated above, the record shows that title to the automobile in question was originally in E. H. Williamson. This is established beyond the point of dispute by the stipulation of counsel for the defendant admitting this fact, which stipulation was entered into upon the taking of the deposition of E. H. Williamson. This stipulation was incorporated in the brief of the evidence and as such became a part of the record in the case. Special grounds 2, 3, 4, and 5 complaining of the admission of evidence as to the specific date and manner in which Williamson acquired the title to the automobile, and objecting to his testimony that his vendor was a Pontiac agency, and his testimony relating to his having registered the automobile in Kansas, do not show harmful error in view of the stipulation.

Ground 6 complains because Williamson was permitted to testify that he reported the loss of the automobile to the insurance company, on the ground "that there would be better evidence of such report." Assuming that this ground is complete, it is without merit. The testimony objected to was not testimony as to what the report to the insurance company contained. It is not even apparent from this ground that a written

report was made. Such a report may very well have been merely oral. Even if it was written, Williamson could testify to the fact that such a report was in fact made, and the admission of such testimony without more would not violate the so-called "better evidence rule."

What is said above applies also to ground 8, relating to testimony by Williamson as to the amount he received in settlement with the insurance company, which testimony was objected to on the ground that there was better evidence of what the witness received; and to special ground 17, objecting on the same ground to testimony by C. J. Eberhardt that Northern Insurance Company paid Williamson for his loss.

Where a witness is shown a document which purports to have been signed by him and is asked if he signed it, such does not amount to refreshing the witness's memory (because at that stage, at least, the witness is not purporting to testify as to the contents of the instrument, but merely to the fact that the signature is or is not his); and the mere fact that the attorney examining the witness on direct examination states that he hands the document to the witness by way of refreshing his memory, does not alter the foregoing ruling. The 7th special ground of the motion is without merit. The testimony of the witness that he signed the instrument was not inadmissible for any of the reasons assigned.

The testimony of the witness that he could identify an instrument, exhibited to him, as a release was not inadmissible as a conclusion, but was direct evidence of a fact to which the witness was competent to testify. The 9th ground of the motion is without merit.

A part of the plaintiff's evidence of its title was a written transfer of the title to the automobile in question from Northern Insurance Company to United Mutual Insurance Company. The instrument by which this transfer was evidenced was introduced by the plaintiff as an exhibit, and one C. J. Eberhardt testified by deposition that he, as assistant secretary of Northern Insurance Company, executed the instrument. Eberhardt's testimony and the receipt of the exhibit in evidence were objected to by the defendant, and these objections are preserved in three of the grounds of the motion.

The contention that the instrument was inadmissible because there was no proof of its execution is without merit where the person who signed it testified on the trial to the fact that he did sign it. Proof of delivery was at least inferentially shown by the fact that the instrument was in the possession and control of the plaintiff and introduced in evidence by the plaintiff, and in the absence of any contrary showing by the evidence that there was no delivery, this was sufficient. In view of the fact that the instrument purported to be under the corporate seal of Northern Insurance Company, and that the evidence showed that Northern Insurance Company accepted the benefit of the execution of the instrument, proof of the capacity of Eberhardt to execute the instrument on behalf of the company was at least prima facie shown. *Almand* v. *Equitable Mortgage Co.*, 113 *Ga.* 983 (2) (39 S. E. 421); *Boone* v. *Jenkins*, 147 *Ga.* 812 (95 S. E. 707); *Henderson Lumber Co.* v. *Chatham Bank & Trust Co.*, 33 *Ga. App.* 196, 197 (1) (125 S. E. 867); *Helping Hand &c.* v. *Bank of Smithville*, 33 *Ga. App.* 285 (3) (125 S. E. 794).

The bill of sale was not inadmissible because not recorded prior to bringing this suit. Recordation has no effect on title to personalty, which is acquired by the grantee in the bill of sale upon the execution and delivery of the instrument by the grantor. Recording an absolute bill of sale to personalty under the provisions of Code §§ 29-413 and 29-415 has only the effect of making the instrument admissible in evidence without further proof of its execution. Special grounds 16 and 18 of the motion for new trial are without merit. Special ground 20, complaining of the overruling of an objection to the introduction of the bill of sale because it did not appear that the consideration recited in the bill of sale was the same as that testified to by the witness Eberhardt, is without merit.

As previously recited, it appeared that Northern Insurance Company conveyed the automobile in question to United Mutual Fire Insurance Company. The suit in this case was brought by Liberty Mutual Fire Insurance Company. The plaintiff offered in evidence, and the court admitted over the defendant's objection, a certified copy of a record from the office of the Secretary of State of Massachusetts, which record was a certificate of change of name of the company. The defendant objected to

this evidence because there was no evidence that United Mutual Fire Insurance Company is the same company that filed this suit. This objection is patently without merit. The very evidence objected to was the evidence that showed them to be one and the same company, and in the absence of some contradicting evidence that the plaintiff company was an impostor or was not entitled to proceed as Liberty Mutual Fire Insurance Company and assert a claim in the place of United Mutual, this was prima facie evidence of that right, and it does not lie with the defendant by specious objections to evidence to defeat the right of the plaintiff to prove its case. Special ground 19 is without merit.

Special ground 10 of the motion for new trial complains of the refusal to grant a mistrial. ·It is not necessary to consider this ground, since we have held that the evidence demanded the verdict, and no error of the court in the conduct of the trial (except in the admission of material evidence) or in instructing or failing or refusing to instruct the jury could have had any harmful effect on the outcome of the case. Under the foregoing ruling, special grounds 27 through 31 inclusive will not be considered, since they contain exceptions to portions of the charge as being argumentative, etc. Special grounds 11 through 15, not having been argued or insisted upon before this court, are treated as abandoned and will not be considered. The same is true of special ground 1 and special grounds 21 through 26 inclusive.

*Judgment affirmed. Felton, C. J., and Nichols, J., concur.*