JOHN DOE, ex dem., THOMAS TENANT, DIAL PEAVY, and GEORGE D. WILEY, plaintiff in error, vs. RICHARD ROE, casual ejector, and STEPHEN BLACKER, tenant in possession, defendant in error.

[1.] The drawer has before grant, a vendible interest, in the land drawn.

[2.] Powers of attorney may be recorded under the same rules, as the deeds made under them; and, when thus recorded, may be read in evidence, in the same way, as those deeds.

[3.] Peavy gave to Carter, a power of attorney to convey a lot of land. Carter, in executing the deed, signed his own name, instead of Peavy's name. But there was enough on the face of the deed, to show, that Carter intended the deed as Peavy's, and not as his.

*Held,* That the deed was a sufficient execution of the power.—BENNING J.

Ejectment, in Clay Superior Court.    Tried before Judge Kiddoo, at September Term, 1858.

This was an action of ejectment, by John Doe, *ex dem.,* Dial Peavy, and others, against Richard Roe, casual ejector, and Stephen Blacker, tenant in possession, for lot of land No. 69, in the fifth district of originally Early, now Clay county.

The evidence on the part of the plaintiff, consisted of a grant from the State to Dial Peavy, dated 7th January, 1836; a deed from Peavy to Thomas Tenant, dated 3 )th May, 1840; then a deed from Tenant to George D. Wiley, dated 12th June, 1840; and the admission by defendant that he was in possession of the premises sued for, at the commencement of the action.

Defendant offered in evidence a power of attorney by Peavy to Jesse Carter, of the county of Fayette, authorizing Carter to sell the lot in dispute, dated 9th November, 1835, signed "Dial Peavy his ⋈ mark," witnessed, "Wm. McRay, Lewis Miles, J. P.;" and a deed of conveyance by virtue of said power, from Carter to John Burke, deed executed and signed by Carter thus: "Jesse Carter, [L. s.,]" and dated 9th January, 1836, and both the power of attorney and deed recorded in the office of the Clerk of the Superior Court of Early county, 17th December, 1840.

Plaintiff objected to the admission of the power of attorney on the grounds, that the same was made prior to the issuing of the grant to Peavy, and that Peavy, the grantee, made a deed to Tenant, one of plaintiff's lessors, subsequently to the issuing of said grant.    The Court overruled the objection, and admitted in evidence the power of attorney and deed, holding that, in as much as the deed was not made till after the grant issued, the execution of the power before the grant, made no difference.    To which decision plaintiff excepted.

The plaintiff further objected to the admission of said pow-

er of attorney, because the same was not proved as required by law.   Objection overruled and plaintiff excepted.

Plaintiff further objected to the admission of the deed, because it was signed by the attorney only, and not by Peavy, by attorney.   The Court overruled the objection, and plaintiff excepted.

The jury found for the defendant, and plaintiff moved for a new trial on the grounds:

1st. That the Court erred in admitting in evidence the power of attorney aforesaid.

2d. That the Court erred in admitting in evidence the deed executed by Carter to Burke.

3d. That the verdict was contrary to law and evidence.

The Court overruled the motion for a new trial, and plaintiff excepted.

WELLBORN, JOHNSON & SLOAN; JOHN H. JONES; and E. H. BEALL, for plaintiff in error.

PERKINS; and GAINER, *contra.*

*By the Court.*—BENNING J. delivering the opinion.

[1.] The first objection to the power of attorney, was not insisted on.   And we think that there was nothing in the objection.   The drawer has, before grant, a vendible interest; as this Court has repeatedly held.   *Dugas vs. Lawrence,* 19 *Ga.* 557.

The second objection to the power of attorney, was, that its execution was not proved.

The power was recorded, and on the same day as the deed; and it was attested by two persons, one of whom, signed as a justice of the peace.   The deed was regularly recorded.   Was all this enough to prove the power of attorney?

If there is any statute which says any thing about the recording of powers of attorney, we cannot find it.   And yet

Tenant, Peavy and Wiley vs. Blacker.

we believe, that it has ever been the practice to record powers of attorney, along with the deeds made under them, and to do so, on the same sort of proof as that on which the deeds are recorded ; and, that it has ever been the further practice, to let such powers of attorney, when thus recorded, go in evidence, without further proof, along with their deeds. And this practice, we suppose, to be founded upon the opinion, that the power of attorney, is really a part of the deed made under it, and, that the law authorizing the registration of deeds, authorizes the registration of every thing that makes a part of the deeds—and, consequently, that it authorizes the registration of the powers of attorney under which the deeds may be made. We are not prepared to say, that such an opinion as this, is incorrect, and therefore, we are not prepared to disturb this practice, which is of so long standing.

[2.] So, we cannot sustain the second objection to the power of attorney. Therefore, we hold that the Court was right in letting the power go the jury.

[3.] The objection to the admission of the deed, was, that the name of the attorney, instead of the name of the principal, was signed to it. There was, however, enough on the face of the deed, to show, that the attorney in thus signing his own name, was acting as attorney, and not, as principal. That being so, the deed was unquestionably a good execution of the power in equity. And if it was a good execution of the power in equity, then it was, I think, a good execution of the power at law, under the Act of 1820. *Cobb*, 464. That Act relieves all parties from the necessity of going into equity, in any of the cases which it enumerates, (and they are all the cases over which, equity has had given to it, jurisdiction,) "whenever" they "shall conceive," that they can establish "their claim without resorting to the conscience of the defendant."

There is enough on the very face of this deed, to show, that the intention in its execution was, that it should be the deed of Peavy, the principal, and not, of Carter, the agent.

I think, then, that the objection to the deed was not good. Consequently, my conclusion is, that the Court below was right, in all the decisions excepted to.

Judgment affirmed.