Anderson vs. Dugas.

ROBERT ANDERSON, tenant in possession, plaintiff in error, vs. LEWIS A. DUGAS, lessor, defendant in error.

[1.] A deed recorded after the lapse of twelve months from its execution is good against another deed from the heirs at law of the same grantor, the last being recorded within twelve months after its execution, but not executed till after the first had been recorded.

[2.] A power of attorney, under which a deed is made, is a muniment of title, and may be recorded along with the deed, but its record is not necessary to the validity of the record of the deed.

Ejectment, in Walker Superior Court. Tried before Judge CROOK, May Term, 1859.

This was an action of ejectment by Doe, *ex dem.*, Lewis A. Dugas, against Robert Anderson, tenant in possession, to recover lot of land No. 134, in the eighth district and fourth section of originally Cherokee now Walker county.

Plaintiff's lessor offered and read in evidence a grant from the State of Georgia to Wm. Whitecombe for the lot of land in controversy—grant dated 9th day of November, 1832; then a power of attorney from Whitecombe to John W. Wilde, authorizing him to sell and convey said lot of land to Lewis A. Dugas, the lessor; the power of attorney dated 25th April, 1832, but never recorded, was read in evidence by consent and without objection; then a deed executed by Wilde, as

attorney in fact for Whitecombe, conveying said lot to plaintiff's lessor, Dugas—this deed bears date 1st December, 1832, and recorded 13th of May, 1835.

Plaintiff then proved that the defendant was in possession, and had been since 1850, and the value of mesne profits, and closed.

Defendant proved that William Whitecombe died in the year 1834, leaving as his heirs at law his two children, Penelope Whitecombe and Laura E. Whitecombe. He then offered and read in evidence a deed from said heirs at law to himself for the land in dispute—said deed bearing date 23d October, 1849, and recorded 10th January, 1850. Here defendant rested, and upon this proof requested the Court to charge the jury:

1st. That if the plaintiff's deed was not recorded within twelve months from its date, and defendant bought the land from the heirs at law of William Whitecombe, the grantee, and had his deed from them recorded within twelve months from its execution, then defendant's deed is the better one, and and will prevail over plaintiff's, and they should find for defendant unless he had notice, at the time he purchased, of plaintiff's title.

2d. That if plaintiff's deed was recorded before defendant bought the land, but was not recorded within twelve months from *its date*, and the power of attorney, under which the deed to plaintiff was executed, had not been recorded before defendant purchased from the heirs at law of Whitecombe, then the recording of the deed alone was not sufficient notice to defendant of plaintiff's title.

Which charges the Court refused to give, and defendant excepted.

The jury found for the plaintiff the premises sued for, and three hundred dollars for mesne profits.

Whereupon, counsel for defendant tendered his bill of exceptions, and assigns as error the refusal of the Court to charge as above requested.

# SUPREME COURT OF GEORGIA.

WARREN AKIN, for plaintiff in error.

UNDERWOOD; ALEXANDER; and DABNEY, *contra.*

*By the Court.*—STEPHENS J. delivering the opinion.

[1.] We think the Court was right in refusing to charge that the defendant's deed, which was from the heirs at law of the deceased grantee, and was recorded within twelve months after it was executed, should prevail over the plaintiff's deed, which was from the grantee himself, and was recorded, though not within twelve months after its execution yet before the defendant's deed was executed. The object of registry is to give notice to the world. The difference between recording within twelve months and afterwards, is this : In the first case, it is notice from the date of the execution ; in the last, from the date of the recording. A deed is not debarred from record because not recorded within twelve months ; and when recorded at all, it operates as a notice at least from that time. The plaintiff's deed in this case, though not recorded within twelve months after it was made, yet had been recorded more than fourteen years when the defendant's deed was made. The plaintiff's deed was the best.

[2.] It was urged that the record of the plaintiff's deed was not valid, because the power of attorney, under which it had been made, was not recorded along with it, and indeed, had never been recorded at all. We do not think that the recording of the power of attorney was necessary to make the record of the deed serve as notice. The power of attorney is a muniment of title, and may therefore be properly recorded along with the deed. It is the authority for making a conveyance, but it is not the conveyance ; nor, strictly speaking, is it a part of the conveyance. The deed is the conveyance. The deed purports to be made by the authority of a power of attorney. If that is true, it is an authentic,

genuine conveyance; if false, it is a forgery. So may any deed, made without the intervention of an agent, turn out to be a forgery. In either case, if the deed purports to be an authentic, genuine conveyance, it is notice to the world that such a conveyance has been made; and in neither case is it necessary to give *proof* that it is not a forgery. It is the *published assertion*, and not the truth of it, which constitutes the *notice.* When the notice is given, then the deed is good for just what it is worth according to the truth of the case.

Judgment affirmed.