## DODGE *v.* AMERICAN FREEHOLD LAND MORTGAGE COMPANY OF LONDON LIMITED.

1. For the purpose of admitting to record a deed executed in another State, the attestation of a commissioner of deeds for Georgia in that State is sufficient without a certificate verifying his identity and official character.

2. A power of attorney from a corporation, authorizing an agent to convey land by deed in this State, signed by two directors and the secretary, and unaccompanied by the seal of the corporation, or by proof that the directors and secretary were authorized by the charter to sign for the corporation, is insufficient to authorize the agent to convey land by deed in this State.

3. Where an affidavit for the probate of such a power of attorney before a consul of the United States recites that the affiant is known to the consul as the "individual whose signature is affixed to the annexed deed as one of the witnesses thereto," that this individual was present at the time the writing was executed, that he saw it signed and sealed and delivered by the makers thereof, and that the other subscribing witness was also present and witnessed the execution of the instrument, but the affidavit is signed by another and different person from the one mentioned therein, it is not sufficient to admit the instrument to record in this State.

*Argued November 9,— Decided December 2, 1899.*

Levy and claim.   Before Judge Smith.   Dodge superior court.   September term, 1898.

*DeLacy & Bishop*, for plaintiff in error.
*E. Herrman* and *J. E. Wooten*, contra.

SIMMONS, C. J.   The record discloses that Rawlins made a deed to Sherwood to secure borrowed money.   Sherwood conveyed the land to the American Freehold Land Mortgage Company of London Limited.   Rawlins failing to pay the money borrowed, the mortgage company sued him and obtained judgment.   In order to reconvey the land to Rawlins, the borrower, the mortgage company undertook to make a power of attorney to Sherwood, authorizing him to reconvey the land to Rawlins, so that it might be levied upon and sold for the payment of the debt.   Sherwood, under the power, did reconvey.   The sheriff levied upon the land, and Dodge claimed it.   On the trial of the case, this deed from Sherwood to Rawlins and the power of attorney to Sherwood were offered in evidence, and were objected to by the claimant's counsel.   The deed was objected to because the certificate of the commissioner of deeds for Georgia in New York was not such as required by the code. The power of attorney was objected to on the ground that it was signed only by two directors and the secretary of the mortgage company, that the seal of the company was not affixed to the power, and there was no evidence offered to show that the

directors and secretary had the right to sign the power of attorney authorizing the agent to convey land. The court overruled the objection and admitted the deed and the power of attorney. To this ruling the claimant excepted, and ·made it one of the grounds of his motion for new trial.

1. The objection to the deed on account of the certificate of the commissioner of deeds for Georgia in New York. was not tenable, under the case of *Hadden* v. *Larned,* 87 *Ga.* 634.

2. The power of attorney was signed by two directors and the secretary of the company. It recites that the seal of the company is affixed; but the original was offered in evidence, and there was no seal impressed thereon or attached thereto. Corporations, in making contracts or in conveying land, act generally by their presidents and secretaries, unless the charter authorizes some other officer or officers to act for the company. If the seal of the company had been attached to the power of attorney, the law would have presumed that when the directors and the secretary signed it they were authorized so to do by the company. *Carr* v. *Ga. Loan & Trust Co.,* 108 *Ga.* 757. The seal not being attached, it was necessary for the plaintiff to show when he offered it in evidence that these persons were either authorized by a vote of the company to sign the power, or that they were authorized by the company's charter. No such proof being offered, the court erred in admitting the power of attorney in evidence.

3. It is claimed, however, by the counsel for the defendant in error, that inasmuch as the power of attorney had been recorded in the clerk's office, the recording of it by the clerk cured the defect. Perhaps this would be true if the clerk had the right to place such an instrument on the record. We do not think that he had. This power of attorney, under our law, must be recorded with the deed made by the attorney in fact. But it is said that the execution of the power was proved by the affidavit made before the United States consul in London. We do not think that this affidavit, even if the power had been sealed, was sufficient to admit it to record. The affidavit appears to have been made in London, England, before Martin · B. Waller, Vice and Deputy Consul General of the United

States; and Waller recites therein as follows: "Before me, Martin B. Waller, personally came Tobias Gainsford Ridgway, of London, Notary Public, to me known to be the individual whose signature is affixed to the annexed deed [power of attorney] as one of the witnesses thereto, who being sworn says," etc. The affidavit then recites that this person was present when the deed was executed; that he saw it signed, sealed, and delivered as the act of the company by Blake and Hoare, directors, and Bullock, secretary; that Joseph Cox, the other subscribing witness thereto was also present and witnessed the execution of the deed; and that he, the said Tobias Gainsford Ridgway, and the said Joseph Cox then and there signed the same as attesting witnesses. Naturally, under the recitals made in this affidavit, we would expect to see the signature of Tobias Gainsford Ridgway, but instead thereof we find the signature of W. B. G. Ridgway, who, from the initials of his name, is quite a different person from Tobias. The consul certifies his personal acquaintance with Tobias, and certifies that his name is affixed to that deed, or power of attorney; but he certifies nothing as to his knowledge of W. B. G. Ridgway. While the latter's name is signed to the affidavit, the recitals show that Tobias was the one before the consul making the affidavit. We have no certificate or attestation of the consul that W. B. G. appeared before him at all, or that he was sworn to the truth of the facts stated in affidavit. The power of attorney is not even attested by W. B. G., but by a different Ridgway from either Tobias or W. B. G. It is attested by W. C. G. Ridgway. So it appears that neither Tobias nor W. B. G. witnessed the execution of the paper; and not having done so, neither had any right to make the affidavit for probate. We think, therefore, that for this reason the court erred in admitting this power of attorney.

We have carefully examined the other alleged errors in the motion for new trial, and find no error in any of the other grounds taken in the motion.

*Judgment reversed. All the Justices concurring.*