## FLINT RIVER LUMBER COMPANY *v.* SMITH *et al.*

A power of attorney, executed in the same manner as deeds subject to registry are required to be executed, may be recorded at any time after its execution, although no conveyance has been executed in pursuance of the power; and upon the registry of a conveyance executed under the prior recorded power of attorney, the latter becomes a part of the registered conveyance and admissible in evidence under the same rules and regulations as those under which the conveyance would be.

Argued December 15, 1904.—Decided January 30, 1905.

Equitable petition.    Before Judge Spence.    Decatur superior court.    May 10, 1904.

The Flint River Lumber Company sued the Smith Lumber Company and George O. Smith, to recover a described tract of land, for injunction, and damages for trespasses committed on the land.    One of the links in the plaintiff's chain of title was a deed from James U. Horne to Maston O'Neal, dated October 23, 1883, and recorded on December 7, 1883, in Book AA, p. 153, in Decatur county.    This deed was executed by M. A. Bell under a power of attorney from James U. Horne, which power of attorney was executed in 1882, and recorded on April 14, 1883, in Book Z, p. 464, in Decatur county.    The defendants objected to the introduction in evidence of the deed and power of attorney, on the ground that they were not recorded "along together," and that their record was illegal.    The court sustained the objection, and the plaintiff excepted.

*Donalson & Donalson,* for plaintiff.
*A. H. Russell* and *T. S. Hawes,* for defendants.

COBB, J.    Powers of attorney are not mentioned in the registry laws of this State.    The law which imposes the duties of a registration officer upon the clerk of the superior court requires him to keep "books for recording all deeds, mortgages, and other liens, and bills of sale separately."    Unless the power of attorney is considered a part of the instrument executed under its authority, there is nothing in our law which would make its registry constructive notice.    In *Tenant* v. *Blacker,* 27 *Ga.* 418, it was held that powers of attorney may be recorded under the same rules as the deeds made under them, and when thus recorded may be read in evidence in the same way as registered deeds.    Judge Benning in the opinion stated that the practice of recording powers of attorney "along with the deeds made under them," and admitting them in evidence without further proof "along with their deeds," was a practice of so long standing that the court did not feel prepared to disturb it.    In *Anderson* v. *Dugas,* 29 *Ga.* 440, it was held that when a deed executed under a power of attorney is duly recorded, the record of it is constructive notice though the power of attorney be not recorded.    Judge Stephens in the opinion says: "We do not think that the recording of the power of attorney

was necessary to make the record of the deed serve as notice. The power of attorney is a muniment of title, and may therefore be properly recorded along with the deed." See, in this connection, Jackson v. Neely, 10 John. 374. In *Graham* v. *Campbell*, 56 *Ga.* 258, it was ruled that the existence of a power of attorney which was "recorded with the conveyance" could be shown by a copy from the records.

In *Dodge* v. *American Freehold Co.*, 109 *Ga.* 396, Mr. Chief Justice Simmons says: "This power of attorney, under our law, must be recorded with the deed made by the attorney in fact." There are a number of cases where reference is made to the recording of powers of attorney, and the expressions "along with the deed," or "with the conveyance," or similar expressions have been used; but in none of the cases cited nor in any other case, so far as we have been able to ascertain, is there a distinct ruling declaring what is the meaning of such expressions. Do they mean that the power of attorney must be recorded at the same time, in the same book, and in physical connection with the deed executed under it? Or do they mean that the power of attorney must be recorded at the same place that deeds are recorded, that is, in a particular book in the office of the registrar of deeds, without reference to whether the deed executed under it is recorded in the same book or in immediate connection with the power? In Maryland there was a statute which declared that a power of attorney to sell real estate should be "recorded with the deed" executed under the power. In Rosenthal v. Ruffin, 60 Md. 324, it was held that the power of attorney might be recorded either at or before the recording of the deed, that the statute did not require it to be recorded eo instanti with the deed, the terms "with the deed" meaning "upon the proper records of the city or county where the deed is recorded." In that case the power of attorney was recorded before the deed was executed thereunder. In Mix v. Hotchkiss, 14 Conn. 32, Church, J., said that the power of attorney "was recorded with the deed," although it did not appear upon the same page or leaf of the book of records as the deed, but at a distance of eighty pages from it, and was recorded after the record of the deed. There was, however, no distinct ruling by the court on this question, as the case was decided on another point. The power of attorney is for some important purposes an essential

part of the deed, and is complete in itself; and we see no good reason why a power of attorney, executed in the same manner that a deed subject to registry would be executed, might not be entered upon the record immediately upon its execution, and that, whenever a conveyance subsequently made under the authority of the power of attorney is thereafter duly recorded, the power of attorney and the deed should not be considered as recorded with each other, both being found upon the records where those interested are bound to go to obtain information in reference to muniments of title.    The order in which the deed and the power are recorded is immaterial.    Of course the naked power of attorney, although recorded, would not be constructive notice until the deed executed thereunder is also placed upon record; but whenever both are recorded, the power of attorney as a part thereof will become notice from that date.    The deed showed upon its face that it was executed under a power of attorney, and this would be sufficient to put a purchaser upon inquiry as to the existence and genuineness of the power of attorney, and would naturally lead to a search of the records to ascertain whether the same had been recorded, although, as held in *Anderson* v. *Dugas*, supra, and in the New York case cited above, the record of the power of attorney was not essential to make the deed constructive notice of the conveyance.        *Judgment reversed.    All the Justices concur.*