### 20442. GROOVER *et al. v.* FRICK COMPANY.

DECIDED MAY 14, 1930. REHEARING DENIED JUNE 10, 1930.

*William E. & W. Gordon Mann,* for plaintiffs in error.
*O. R. Hardin,* contra.

LUKE, J. Frick Company sued G. L. and W. L. Groover for $250, the balance alleged to be due on two promissory notes. The sole question presented here is whether or not the trial judge erred in directing a verdict for the plaintiff.

The defendants admitted a prima facie case, and pleaded that, acting through its authorized agent, the plaintiff sold them a sawmill outfit for $2500, of which $500 was paid in cash; that the defendants were given a credit of $500 on the purchase-price for certain old machinery; that the plaintiff, acting through the said agent, agreed in writing to give the defendants an additional credit of $250 on the purchase-price of the sawmill outfit when the old machinery was sold by the plaintiff or its agents; that the plaintiff sold the old machinery for $750, but failed and refused to allow the defendants the $250 credit as agreed; and that the defendants did not owe the plaintiff anything, for the reason that the said credit, which was proper and should have been allowed, fully paid the sum sued for as the balance of the purchase-price of said sawmill outfit.

The writing relied on by the defendants is dated March 4, 1927, and is as follows: "This is to certify that I have agreed and contracted to sell Fordson Corley mill and fixtures now at Mr. Groover's place for not less than $750, and as much more as can get, and will credit Mr. Groover's notes with proceeds thereof. I also

agree to see that Frick Company's salesmen for the Atlanta branch use all available efforts to sell the outfit. R. H. Ballard, Sm. Frick Company, Atlanta Branch."

The order, or contract of sale, dated March 4, 1927, and signed by the Groovers, after stipulating that "this order contains in writing and print the entire contract between the parties hereto," further provides that "no agent or salesman of Frick Company has authority to bind the company by any agreement not herein contained, nor to alter this contract after it has been accepted by the company, nor take checks or notes payable otherwise than to order of Frick Company." Under the terms of this contract, the sawmill outfit was sold for $2000 and certain old machinery, $500 of said purchase-price to be paid "cash on delivery," and seven notes aggregating $1500 to be given for the balance due. The paper relied on by plaintiffs in error bears the same date as the contract of sale and was prepared by the agent who negotiated the sale. The Groovers testified that it was a part of the contract of sale. It will be observed, however, that there is nothing in the writing to show that it was an undertaking of Frick Company. Indeed, the contrary appears to be true. The word "I" is used exclusively in the body of the writing, and it is signed "R. H. Ballard, Sm. Frick Company Atlanta Branch." According to the testimony, "Sm." means "salesman." The paper appears to be nothing more than the individual undertaking of the salesman. The contract of sale strictly limits the authority of the salesman, and denies him the right to bind the company by any such agreement as the one under consideration. Unless Frick Company ratified the writing, it is not bound thereby. It is true that Frick Company sold the old machinery for $750, but there is no evidence that it had any knowledge of the alleged agreement, or that it was acting for plaintiffs in error in so doing. Of course, there can not be ratification without knowledge of the thing to be ratified. Therefore, so far as this record shows, Frick Company neither authorized nor ratified the contract relied on by the plaintiffs in error, and in selling the old machinery was disposing of its own property for its own purposes. The trial judge properly directed the verdict.

*Judgment affirmed.* *Broyles, C. J., and Bloodworth, J., concur.*