20320.  SOVEREIGN  CAMP  WOODMEN  OF  THE  WORLD
*v.* BELL.

Decided November 15, 1930. Rehearing denied December 12, 1930.

Robert G. Plunkett, J. A. Hixon, for plaintiff in error.

R. L. Maynard, contra.

JENKINS, P. J. This was a suit on an insurance policy which the defendant contended had been forfeited on account of the non-payment of certain monthly dues. It appears, without dispute, that the dues of the deceased insured had been paid through the month of March, 1928. The plaintiff contended and testified that she had sent the money by her son to pay the premiums for April and May, and the son testified that the payments were made by him. Receipts purporting to represent the April and May payments, signed by the local officer of the order, authorized to receive payments, were introduced in evidence. The defendant denied any such payments for April and May, and denied the genuineness of the receipts for those months, and introduced what purported to be carbon copies of the receipts issued for February and March, the defendant's contention being that the receipts introduced in evidence by the plaintiff were in fact the original receipts issued for February and March, altered so as to read for April and May. The plaintiff denied any such alterations, and testified that the receipts issued for February and March had been lost. Plaintiff introduced testimony to show that the dues of the deceased for June had been tendered to the clerk of the local camp, and he had refused to accept them, stating that the deceased had already been suspended. The clerk of the local camp denied that any such tender had ever been made. The insured died in October following.

Something additional might be said with reference to the ruling stated in the seventh division of the syllabus. It is about this phase of the case that the contest seems to have most strenuously centered. The evidence throughout was in sharp conflict. There could be no question about the jury's right to accept the testimony for the plaintiff rather than that for the defendant, as to the payments for the months of April and May, and as relating to the tender of payment for the month of June, but for the exhibits introduced in evidence by the defendant as corroborating its testimony. As has been stated, the defendant contended that the re-

ceipts offered by the plaintiff for April and May were in fact the receipts which had been issued for February and March, and which had been changed so as to read for April and May. In support of this contention the defendant introduced what it claimed were carbon duplicates of the February and March receipts. An examination of the carbon duplicates and of the receipts in evidence would indicate what would seem to be identity in handwriting, in spacing, and in all respects, save, of course, the dates. In other words, it would seem that the receipt for April would superimpose the alleged carbon duplicate for February, and that the same would be true with reference to the receipt for May and the carbon duplicate for March. As the identities multiply, the proof would seem to grow stronger. As pointed out by the great analytical thinker, Edgar Allen Poe, if in any stated proposition all the given requirements on the one hand fit exact and clean, like a torn and notched indenture, with the facts presented to meet the requirements on the other hand, the coincidences, as they increase, multiply the value of the proof not in arithmetical, but in geometrical ratio. Inasmuch as the testimony for the plaintiff as to the payments for April and May is joined together with the receipts offered by her in support of such testimony, it would seem that the testimony could not be much stronger than the receipts themselves, and, accordingly, the question involved has given the court some difficulty in its determination. Were it to be assumed that the copies introduced in evidence were in fact carbon duplicates of the February and March receipts delivered to the plaintiff, it would be hard to escape a conclusion sustaining the defendant's contention, although it can not be said that such coincidences would be mathematically and inherently impossible. It is the province of the jury, however, to weigh and determine testimony, and this has been said, not scores, but hundreds of times, by the appellate courts of this State. The jurors hear the witnesses speak; they judge of their credibility. And in accepting the version of the case that accords with the testimony for and on behalf of the plaintiff, it is possible that they did not accept the genuineness of the carbon duplicates as being for February and March as contended.

*Judgment affirmed. Slephens, J., concurs. Bell, J., disqualified.*

ON MOTION FOR REHEARING.

Counsel for the plaintiff in error in their exceedingly able motion for rehearing present their side of the case about as strongly as we think it could be put. They contend that the court erred in the ruling stated in the first division of the syllabus, for the reason that counsel, on the oral argument in this court, agreed that the original documentary evidence referred to, photographic copies of which had been transmitted with the record, might be sent up for the court's inspection. Their contention is that such an agreement would operate to bind the defendant in error, despite the fact that counsel for the defendant in error had subsequently withdrawn his consent to a procedure not otherwise recognized by law. We do not think that the previous gratuitous consent of counsel for the defendant in error would operate to bind him, where it does not appear that the opposite party had in some way acted to his injury on the faith of such agreement subsequently withdrawn. In the instant case photographic copies of the receipts were embodied in the record, and the plaintiff in error neither took nor failed to take any action which could in any wise have harmed its case, by virtue of the gratuitous agreement subsequently annuled.

Counsel for the plaintiff in error cite a long list of cases, both from the Supreme Court and this court, setting forth the well-recognized rule of law that the courts will not uphold a verdict based upon evidence setting up what amounts to a physical impossibility. Counsel cite the original syllabus in the instant case, to the effect that were it to be assumed that the copies introduced in evidence were in fact carbon duplicates of the February and March receipts delivered to the plaintiff, rather than those for April and May, it would be hard to escape the conclusion sustaining the defendant's contention. They argue that inasmuch as the court seems to be convinced that the alleged carbon copies of the receipts issued for February and March represent the same penmanship as the original receipts introduced by the plaintiff for April and May, and since the evidence for the defendant identified the carbon copies as actually being for February and March, the court was bound to accept the defendant's view of the case, for the reason that, as they contend, the genuineness of the carbon copies introduced as for February and March is in no wise disputed by the evidence. It is true that there was no testimony directly attacking the genuine-

ness of the carbon-copy receipts introduced as for February and March; but, taking the view of the case which the plaintiff in error insists upon, to wit, that the manifold and complete identities existing between the alleged February and March carbon copies and the originals tendered by plaintiff for April and May stamp the copies as duplicates of the originals, renders the testimony by the plaintiff an attack upon the genuineness of the carbon duplicates. The jury were privileged to believe the direct testimony of the plaintiff. This, under defendant's own contention, they were unable to do if they accepted as genuine the carbon duplicates as representing copies of receipts for previous payments. They, being judges of the evidence, were not necessarily bound to accept the genuineness of the carbon duplicates, if in so doing it became necessary for them to reject the testimony by the plaintiff. The question is not what verdict the members of this court might or might not have rendered, but what verdict the jury were authorized to render. Their verdict having the necessary approval of the trial judge, and not being contrary to what the evidence might have authorized, this court deems itself bound by the verdict.

*Rehearing denied.*