JOHNSON, administrator, *v.* JOHNSON *et al.*

No. 11990. October 15, 1937.

*Bussey & Fulcher,* for plaintiff in error.
*Sam F. Garlington* and *Randall Evans Jr.,* contra.

JENKINS, Justice. ■ Although "a formal power of attorney . . is subject to a strict construction," and "general terms in it are restricted to consistency with the controlling purpose, and will not extend the authority so as to add new and distinct powers different from the special powers expressly delegated" (*White* v. *Young,* 122 *Ga.* 830, 51 S. E. 28; *Claflin* v. *Continental Jersey Works,* 85 *Ga.* 27, 42, 11 S. E. 721; *Born* v. *Simmons,* 111 *Ga.* 869, 36 S. E. 956), yet in such a construction the general statutory rule also should be observed, that "the agent's authority shall be construed to include all necessary and usual means for effectually executing it." Code, § 4-301; *Holman* v. *Ga. R.,* 67 *Ga.* 595 (3-a), 599; *Strong* v. *West,* 110 *Ga.* 382 (35 S. E. 693); *Martin* v. *McLain,* 51 *Ga. App.* 336, 338 (180 S. E. 510). Accordingly, where, as in this case, the holder of the legal title under a deed to secure debt executed a power of attorney empowering his named attorney in fact to "bring suit on [the] papers," comprising the deed and evidence of debt, "to cause [the] property to be sold under levy after judgment," and "to bid in [the] property in [the] name" of such holder of the legal title, this authority included, as a "necessary and usual means" of selling the property, the right to execute the quitclaim reconveyance to the debtor, record of which in the clerk's office is made by the Code, § 67-1501, a prerequisite to a valid levy and sale of the property.

■ "A power of attorney, under which a deed is made, is a muniment of title, and may be recorded along with the deed, but its record is not necessary to the validity of the record of the

deed." The power of attorney is "the authority for making [the] conveyance, but it is not the conveyance; nor, strictly speaking, is it a part of the conveyance. . . The deed purports to be made by the authority of a power of attorney. If that is true, it is an authentic genuine conveyance; if false, it is a forgery. . . In either case, if the deed purports to be an authentic, genuine conveyance, it is notice to the world that such a conveyance has been made; and in neither case is it necessary to give *proof* that it is not a forgery. It is the *published assertion,* and not the truth of it, which constitutes the *notice.* When the notice is given, then the deed is good for just what it is worth according to the truth of the case." *Anderson* v. *Dugas,* 29 *Ga.* 440 (2), 442; *Tenant* v. *Blacker,* 27 *Ga.* 418 (2), 420. The apparently contrary statement contained in the opinion in *Dodge* v. *American Freehold Land Mortgage Co.,* 109 *Ga.* 394, 396 (34 S. E. 672), that "this power of attorney, under our law, must be recorded with the deed made by the attorney in fact," must be taken as obiter, since the validity of these instruments was not involved, but the question was one of evidence, whether the power of attorney as recorded was admissible; and the ruling was, that, having been improperly attested and therefore improperly admitted to record, it was not admissible in evidence as a recorded instrument. In *Flint River Lumber Co.* v. *Smith,* 122 *Ga.* 5, 6-8 (49 S. E. 745), the *Dodge* case was considered and explained; and it was held that a properly executed power of attorney, entitled to registry, "may be recorded at any time after its execution, although no conveyance has been executed in pursuance of the power, and upon the registry of a conveyance executed under the prior recorded power of attorney the latter becomes a part of the registered conveyance and *admissible in evidence* under the same rules and regulations as those under which the conveyance would be;" but that, "as held in *Anderson* v. *Dugas,* supra, . . the record of the power of attorney was not essential to make the deed constructive notice of the conveyance." (Italics ours.)

3. Since, under these rulings, it is unnecessary to the validity of a deed of conveyance by an attorney in fact for the power of attorney to be recorded with the deed, or even for it to be recorded at all, if it can be shown to in fact exist as a genuine and legal instrument executed under seal (Code, § 4-105; *Lynch* v. *Poole,*

138 *Ga.* 303, 75 S. E. 158; *United Leather Co.* v. *Proudfit,* 151 *Ga.* 403, 405, 107 S. E. 327), the mere fact that, as in this case, the power of attorney may have been belatedly recorded or improperly admitted to record because the attesting foreign notary failed to affix his official seal, would not render the deed of conveyance void. While, under the ruling in the *Dodge* case, a defective attestation might affect the admissibility of a power of attorney as a duly recorded instrument, upon its proper execution being otherwise established the defect in the attestation would not invalidate the power of attorney or the deed thereunder, or nullify the notice afforded by the record of the deed.

Under these rulings, the court properly dismissed on general demurrer the petition of the administrator of a grantor under a security deed, attacking the validity of the quitclaim deed of reconveyance, the power of attorney therefor, and the deed to the purchaser at a sale of the property.

*Judgment affirmed. All the Justices concur.*