CARTLEDGE *v.* TRUST COMPANY OF COLUMBUS.

No. 12298.  SEPTEMBER 23, 1938.

*E. B. Cartledge Jr.*, and *Thomas L. Bowden*, for plaintiff in error.

*McGee & Elliott*, contra.

RUSSELL, Chief Justice.  This was a suit to compel specific performance of a contract to purchase realty, brought by the Trust Company of Columbus against E. B. Cartledge Jr.  Cartledge's defense to the action was that the plaintiff did not have a merchantable title.  The court sustained demurrers to the answer, and upon hearing the case, by agreement of the parties, without the intervention of a jury, rendered judgment in favor of the plaintiff.  To these rulings the defendant excepted.

The answer alleged that the plaintiff's title was defective, because a certain power of sale, under authority of which a deed in the plaintiff's chain of title was executed, was contained in a note secured by a deed; that the note and security deed did not definitely identify each other; that the note was not recorded at the time the power of sale was exercised; that after the plaintiff acquired title to the land in question, it had said land registered and received a certificate of registration on February 2, 1937; but that said registration proceeding was ineffectual to cure the defect in the title, as the grantor in the security deed referred to was not named as a defendant in the registration proceedings.  No defect was alleged in the registration proceedings, other than the one just stated; and according to the allegations of the answer the plaintiff's title is good except for the deed made under the power of sale contained in the note referred to.  It is alleged: "(a)  That on May 2, 1925, Mrs. Nonie Clyde Fournier was the owner in fee simple of the said real estate in question, and had a good and marketable fee-simple title thereto.  (b)  That on May 2, 1925, the said Mrs. Nonie Clyde Fournier executed and delivered

a loan deed to the said Trust Company of Columbus, conveying the said real estate in question, the said loan deed bearing date of May 2, 1925, being numbered 869, being filed and recorded in the office of the clerk of the superior court of Muscogee County, Georgia, on May 11, 1925, . . and securing the sum of $4004.00 payable in 108 monthly installments of $37.20 due the 15th day of each month and a final installment of $23.60. . . (c) That the said loan deed contained the following among other covenants and stipulations: 'This deed is executed pursuant to the laws of Georgia in such cases made and provided, for the purpose of securing a loan of money which said grantor has this day obtained from said grantee, which loan is evidenced by one promissory note, called a note, agreement, and power of attorney, of even date herewith, executed by grantor, aggregating the sum of four thousand four (4004.00) and no/100 dollars, and payable in 108 monthly installments due on the 15th of each month, of $37.20 each, except the last, which is for $23.60, and stipulating for interest from maturity, at the rate of eight per cent. per annum, together with all costs of collection, and ten per cent. attorney's fee if placed in the hands of an attorney for collection; said note containing, among other provisions, a grant unto grantee, its successors and assigns, of full and complete power of sale of above described real estate, in case of default; and it is understood that the same, with all its powers and provisions, shall be considered as part hereof, as if fully incorporated herein. (d) That on May 2, 1925, the said Mrs. Nonie Clyde Fournier executed and delivered to the said Trust Company of Columbus what is termed and referred to as a 'note, agreement, and power of attorney,' being numbered 869, being filed for record in the office of the clerk of the superior court of Muscogee County, Georgia, on February 2, 1926, and recorded therein in deed book 63, folio 475, for the sum of $4004.00 payable in 108 monthly installments of $37.20 due on the 15th day of each month, and a final installment of $23.60; a copy of which note, agreement and power of attorney is hereto attached, marked Exhibit 'C,' and made a part of this answer. (e) That the said note, agreement, and power of attorney contained the following among other covenants and stipulations: 'This note is secured by a warranty deed, of even date herewith, executed by the maker or makers hereof,

designated as grantor, conveying to said company, designated therein as grantee, certain real estate fully described therein, which said deed is made, executed, and delivered under the provisions of section 3306 et seq. of the Code of 1910, and which deed is intended to pass the title to the property therein described, to said grantee. It is agreed that this note and said warranty deed shall be construed together, in determining the rights of the parties."

This note contained a power of attorney authorizing the grantee, upon default in payment thereof, to sell the real estate described in said deed at public outcry; and there is no attack on the language of said power of sale. It is alleged, that on February 2, 1926, the Trust Company of Columbus sold said real estate at public outcry under said power of attorney, and the same was bid in by one Patterson, to whom deed was executed by the plaintiff as attorney in fact of Mrs. Fournier, and on the same day Patterson conveyed the land to the plaintiff; that said deed from the Trust Company of Columbus, as attorney in fact for Mrs. Fournier, is void, because: (1) Said loan deed from Mrs. Fournier did not contain a power of sale. (2) Although said deed makes reference to the note, agreement, and power of sale contemporaneously executed with it, said deed does not with definiteness identify said note as a part of said deed. (3) Said note does not with definiteness describe the loan deed so that the two instruments may within themselves be identified as one transaction. (4) Said note and power of attorney does not contain a description of the real estate described in said loan deed. (5) Said note and power of attorney contains no provisions sufficient within themselves to describe the indebtedness sought to be secured by said loan deed or to describe the real estate conveyed by said loan deed. (6) It is not possible from an examination of the note, agreement, and power of attorney to ascertain definitely that said instrument is the identical note, agreement, and power of attorney referred to in the loan deed. (7) The note, agreement, and power of attorney was not recorded at the time the power of sale was exercised.

The brief of counsel for the plaintiff in error is divided into two parts, the first headed, "Sufficiency, identification, and validity of the power of attorney, the deed under power of sale, and the purported sale thereunder," and the second headed, "Validity of proceedings to register title under land registration act." Under

the allegations of the answer of the defendant, if the power of sale in the note of Mrs. Fournier to the Trust Company of Columbus was valid, the Trust Company of Columbus held a good fee-simple title to the land involved, as the answer alleges that "on May 2, 1925, Mrs. Nonie Clyde Fournier was the owner in fee simple of the said real estate in question, and had a good and marketable fee-simple title thereto." It is not alleged that there was any failure on the part of the Trust Company of Columbus to comply with the terms of sale prescribed in the power of attorney. It is stated by counsel that the questions to be determined by this court in reference to this power of sale are: "(1) Is it necessary for a power of sale to foreclose real estate, in case of default, to be contained in the security deed; or can the power of sale be given in another paper, such as the note, agreement, and power of attorney now before us. (2) Is it necessary that the note, agreement, and power of attorney, such as we have before us, contain a description of the real estate to be sold in case of default of loan secured by a security deed? (3) Does the loan deed and note, agreement, and power of attorney identify each other with definiteness, so as to constitute one transaction? Is the said identity sufficient without parol testimony? (4) Was it necessary that the plaintiff company record the said note, agreement, and power of attorney, prior to the time the power of sale therein was exercised, and the said real estate sold thereunder?"

Counsel does not cite any authority to support an affirmative answer to either of the questions asked, but argues: "Now, suppose that Mrs. Fournier, on the same date of the deed and note in question, had executed and delivered another deed and note, on another parcel of real estate, securing a like indebtedness. Now, under those circumstances, the said plaintiff company could use either of the said two notes to foreclose on either of said deeds. How is the defendant, then, to know that the plaintiff company used the note, agreement, and power of attorney intended by Mrs. Fournier? Suppose, further, that the note, agreement, and power of attorney which Mrs. Fournier executed to the plaintiff company on the property in question was revoked by Mrs. Fournier, before the said power therein was exercised. The said power of sale in the note, agreement, and power of attorney would then be void. With such indefiniteness, could any prudent man

ever know when the correct power of sale or correct note, agreement, and power of attorney had been used in foreclosing on a tract of real estate? We think, therefore, that a power of sale, when real estate is involved, for the purpose of foreclosure in case of default of payment, is only good and valid when contained in the said deed itself. . . Was it necessary that the plaintiff company record the said note, agreement, and power of attorney prior to the time the power of sale therein was exercised, and the said real estate was sold thereunder? It was held in the case of *Anderson* v. *Dugas,* 29 *Ga.* 440, that the recordation of a power of attorney under which a deed is made is not necessary to the validity of the recordation of the deed. But we have a different kind of power of attorney in the case at bar, as has heretofore been pointed out. We have a power of attorney with a power of sale, in case of default in the payment of a debt. It is a power supposedly coupled with an interest in certain property. It is a power of sale for the purpose of foreclosure, and it is to be strictly construed, and the power must be fairly exercised. It is thus the opinion of the defendant that the power of sale must be recorded prior to the time that the sale thereunder was actually held. If the power of sale is not recorded prior to the time that the power of sale is exercised and the property actually sold thereunder, the bidding will certainly be chilled. The outside public is prohibited from having an opportunity of knowing the exact powers contained in the said power of sale, and will thereby not bid on the property when it is exposed for sale."

We know of no reason why a power to sell real estate, conveyed as security for a debt, can not be contained in an instrument separate from that whereby the title is conveyed as security for the debt. As stated, counsel cites no authority for his position. The power of attorney contained in the note in this case was executed with the same formality as the law prescribes for the execution of the act for which the agency was created, i. e., in the presence of two witnesses, one of whom was an official witness. Code, § 4-105. The agency was coupled with an interest in the agent, and therefore was not revocable at will, as suggested by counsel. § 4-214. That "If the power of sale is not recorded prior to the time that the power of sale is exercised and the property is actually sold thereunder, the bidding will certainly

be chilled," is of no consequence to the plaintiff in error. Moreover, as stated by counsel, this court has held: "A power of attorney, under which a deed is made, is a muniment of title, and may be recorded along with the deed, but its record is not necessary to the validity of the record of the deed." *Anderson* v. *Dugas,* 29 *Ga.* 440 (2). See also *Flint River Lumber Co.* v. *Smith,* 122 *Ga.* 5 (49 S. E. 745, 106 Am. St. R. 85); *Johnson* v. *Johnson,* 184 *Ga.* 783 (193 S. E. 345). The deed under power of sale, which the plaintiff in error attacks as invalid, was executed on February 2, 1926, and the power of attorney by authority of which the sale was made was recorded on the same day as the deed, and the deed recited the record of the power of attorney, giving the book and page of record. . Properly construing the answer, the defendant in error had been in adverse possession under color of title of the realty involved for more than ten years preceding the execution of the agreement to purchase by the plaintiff in error. Under the Code, § 85-407, adverse possession of lands, under written evidence of title, for seven years, gives good title by prescription against every one, except the State or persons laboring under disabilities. It appears from the copy of the registration proceedings attached to the answer that the examiner appointed by the court, in his conclusions of law as to the power of sale now under attack, found: "That the power of sale of the land, although set forth in a different instrument from the loan deed, was incorporated therein by reference, and that the description of land set forth in the loan deed was incorporated in the power of sale by reference, and that the two instruments constituted a single transaction or contract, and that a sale under the power and a deed executed thereunder conveyed to the purchaser at such sale fee-simple title just as effectively as though the power of sale had been set forth in the loan deed itself in the customary and conventional manner."

We think the security deed and note containing the power of attorney in this case were subject to the rule that "Where a promissory note is given contemporaneously with a written agreement between the same parties which states the consideration of the note, the two instruments constitute one contract and are to be construed together," as stated in *Montgomery* v. *Hunt,* 93 *Ga.* 438 (21 S. E. 59), and in *Read* v. *Gould,* 139 *Ga.* 499 (2) (77 S. E. 642);

*Adams* v. *Hatfield,* 17 *Ga. App.* 680 (2) (87 S. E. 1099); *Wartman* v. *Brown,* 41 *Ga. App.* 488 (152 S. E. 596); *Wardlaw* v. *Woodruff,* 175 *Ga.* 515 (12) (165 S. E. 557). The security deed and note in this case are identified as referring, each to the other, according to the allegations of the answer, as follows: The two instruments are between the same parties. Each bears an identical date. Each refers to the same amount, $4004, payable in 108 monthly installments of $37.20 each due on the 15th of each month, except the last, which is of. $23.60. The security deed, by reference, makes the note part of the deed, and the note contains the stipulation: "This note is secured by a warranty deed of even date herewith, executed by the maker hereof, designated as grantor, conveying to said company designated therein as grantee, certain real estate fully described therein. . . It is agreed that this note and said warranty deed shall be construed together in determining the rights of the parties." Further, according to the answer, the note and deed were identified, each as constituting a part of the same transaction, by the number 869 on each. It is stated in the power of sale contained in the note: "Said grantee, or any holder of this note, are . . authorized . . to sell all of the real estate and property described in said deed (and for this purpose the description contained is hereby referred to and adopted as though fully incorporated herein) at public outcry," etc. We think the several indicia of identity between the deed and note containing the power of attorney in this case amply identify each as referring to the other, and both as constituting one transaction. "As the identities multiply, the proof would seem to grow stronger. As pointed out by the great analytical thinker, Edgar Allan Poe, if in any stated proposition all the given requirements on the one hand fit exact and clean, like a torn and notched indenture, with the facts presented to meet the requirements on the other hand, the coincidences, as they increase, multiply the value of the proof not in arithmetical, but in geometrical ratio." *Sovereign Camp W. O. W.* v. *Bell,* 42 *Ga. App.* 323, 326 (156 S. E. 235).

In view of what has been said, it is unnecessary that any ruling be made as to the attacks on the validity of the proceeding under which the land involved was brought under the Georgia land-registration law. It appearing from the defendant's answer that, irrespective of the registration proceedings, the plaintiff had a

good merchantable title to the premises involved, the court did not err in dismissing the answer on demurrer, or in awarding to the plaintiff a decree of specific performance.

<em>Judgment affirmed.  All the Justices concur.</em>